OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Vance et al., Appellants and Cross-Appellees, v. Roedersheimer, Appellee and Cross-Appellant.

[Cite as Vance v. Roedersheimer (1992), Ohio St.3d .]

Civil procedure -- Attorney fees and costs -- Enforceability of Loc.R. 2.53(Z) of the Court of Common Pleas of Montgomery County.

(No. 91-1323 -- Submitted May 6, 1992 -- Decided September 2, 1992.)

Appeal and Cross-Appeal from the Court of Appeals for Montgomery County, No. CA 12370.

Appellant and cross-appellee Stanley D. Vance was injured when his police cruiser collided with a vehicle operated by appellee and cross-appellant, Alice Roedersheimer. Vance and his wife, appellant and cross-appellee Beverly Vance, filed a negligence action against Roedersheimer.1

The action was filed in the Court of Common Pleas of Montgomery County, where Loc.R. 2.53 provides for the compulsory arbitration of certain claims. An award rendered in arbitration may be appealed to the court of common pleas for trial de novo.2 The trial court issued an order requiring the parties to arbitrate.

Following a hearing, the arbitration panel awarded Stanley Vance $10,000 and Beverly Vance $1,000. The Vances appealed and the case was tried before a jury. The jury returned a verdict in favor of the Vances, but awarded Stanley only $5,000. Beverly, although prevailing on the issues, was awarded no damages.

Roedersheimer filed a motion seeking costs and attorney fees as allowed under Loc.R. 2.53(Z). The trial court awarded $2,230.10 in costs3 against the Vances, but denied attorney fees. The Vances appealed to the court of appeals claiming that Loc.R. 2.53(Z) contravenes Civ.R. 54(D) by permitting an award of costs to a non-prevailing party. Roedersheimer cross-appealed the denial of attorney fees.

The court of appeals reversed the award of costs to Roedersheimer, finding Loc.R. 2.53 to be unconstitutional. The court held that the definition of "costs" in Loc.R. 2.53(Z)(4) exceeds the limits imposed by Civ.R. 54(D). The

cause was remanded for consideration of an award which would conform with the definition of "costs" in Centennial Ins. Co., v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925. The Vances appeal from this judgment. The denial of attorney fees was affirmed. Roedersheimer cross-appeals from this judgment.

The cause is before this court pursuant to the allowance of a motion and cross-motion to certify the record.

James A. Hensley, Jr., for appellants and cross-appellees.
John A. Smalley and Kenneth J. Ignozzi, for appellee and cross-appellant.

Herbert R. Brown, J. The issue before us in this case is the enforceability of Loc.R. 2.53(Z). For the reasons which follow, we affirm the holdings, but not the reasoning, of the court of appeals.

### Direct Appeal

Courts of this state are entitled to adopt rules of local practice. However, under Section 5(B), Article IV of the Ohio Constitution, Civ.R. 83 and C.P.Sup.R. 9(C),4 local rules may not be inconsistent with any rule governing procedure or practice promulgated by this court, including the Rules of Civil Procedure. Any local rule is therefore enforceable only to the extent that it is consistent with the Civil Rules.

Loc.R. 2.53(Z) provides in part:

"1. In the case of any action that is tried de novo as the result of an appeal from an arbitration order, the court, in the exercise of its sound discretion, may include in the judgment an award of reasonable attorney's fees and costs for the parties as follows:

"a. * * *

"b. For a defendant-appellee, if the judgment remains in defendant-appellee's favor or is reversed in defendant-appellee's favor or if the judgment in favor of plaintiff-appellant does not exceed the arbitration award by more than twenty-five percent.

"* * *

"4. 'Costs' includes, but is not limited to, court reporter statements, deposition transcripts, travel expenses, expert witness fees and expenses associated with the preparation of demonstrative evidence."

Civ.R. 54(D) provides:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Our interpretation of Civ.R. 54(D) is that the phrase "unless the court otherwise directs" grants the court discretion to order that the prevailing party bear all or part of his or her own costs.5 We differ from the court of appeals in that we do not believe that such phrase empowers the court to award costs to a non-prevailing party. We also differ from the court of appeals in that we do not view the Vances as the prevailing party. The trial in this case, although de novo, is an appeal from an arbitration award. A party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed. Loc.R. 2.53(Z) is

therefore not contrary to Civ.R. 54(D) to the extent that it authorizes an award of costs to Roedersheimer.

However, the definition of "costs" in Loc.R. 2.53(Z)(4) conflicts with our holding in Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925. In that case we held:

"This court has consistently limited the categories of expenses which qualify as 'costs.' 'Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment * * *. * * * Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *." State, ex rel. Commrs. of Franklin County, v. Guilbert (1907), 77 Ohio St. 333, 338-339 [83 N.E. 80], quoted, in part, with approval in Benda v. Fana (1967), 10 Ohio St.2d 259, 262-263 [39 O.O.2d 410, 413, 227 N.E.2d 197, 200-201].

"Today, we reaffirm the principle that '[t]he subject of costs is one entirely of statutory allowance and control.' State, ex rel Michaels, v. Morse (1956), 165 Ohio St. 599, 607 [60 O.O. 531, 535, 138 N.E.2d 660, 666], quoted with approval in Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, 179 [75 O.O.2d 224, 225, 347 N.E.2d 527, 529]. * * * " Id., 69 Ohio St.2d at 50-51, 23 O.O.3d at 89, 430 N.E.2d at 926.

To the extent that Loc.R. 2.53(Z) has a definition of "costs" that conflicts with Centennial, it is unenforceable. Therefore, the court of appeals reached the proper result in reversing the award of costs to Roedersheimer, and in remanding the cause to the trial court for reconsideration in light of Centennial.

We note that the Vances also challenge the validity of Loc.R. 2.53(Z) on the grounds that the local rule "* * * produces a chilling effect upon the right to trial by jury * * *." Our decision herein invalidates Loc.R. 2.53 to the extent that it reaches beyond Civ.R. 54(D) and our holding in Centennial, supra. Thus, the local rule, as limited, has no more chilling effect than does the application of Rule 54(D) to assess costs against any non-prevailing party. This obviates the necessity to address the constitutional challenge made by the Vances.

### Cross-Appeal

It has long been established in Ohio that an award of attorney fees must be predicated on statutory authorization or upon a finding of conduct which amounts to bad faith. See, e.g., Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, and State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 529 N.E.2d 1268. The court of appeals recognized this principle and affirmed the judgment of the trial court denying Roedersheimer's motion for attorney fees. Here, there is no statutory authorization which would justify an award of attorney fees. Nor was there any evidence of bad faith. Therefore, we agree with the court of appeals that Roedersheimer was not entitled to an award of attorney fees, irrespective of the provisions of the local rule.

Although our reasoning differs from that of the court of

appeals, we affirm the reversal of the award of costs, the remand for consideration of an award of costs in conformity with Centennial, and the denial of attorney fees.

Judgment affirmed.

Moyer, C.J., Holmes and Wright, JJ., concur.

Sweeney, Douglas and Resnick, JJ., concur in part and dissent in part.

FOOTNOTES:

1  Beverly Vance sought recovery against Roedersheimer for loss of consortium.

2  See Loc.R. 2.53(S) and (W) of the Court of Common Pleas of Montgomery County, General Division.

3  The "costs" awarded to appellee included expenses incurred by her in having Stanley Vance independently physically examined, in deposing the examining physician, and in obtaining a copy of another deposition.

4  Section 5(B), Article IV of the Ohio Constitution provides in part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge,  enlarge, or modify any substantive  right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Civ.R. 83 provides:

"The expression 'rule of court' as used in these rules means a rule promulgated by the supreme court or a rule concerning local practice adopted by another court which is not inconsistent with the rules promulgated by the supreme court and which rule is filed with the supreme court."

C.P.Sup.R. 9(C) provides:

"Local rules of practice shall not be inconsistent with rules promulgated by the Supreme Court and shall be filed with the Clerk of the Supreme Court."

5  This interpretation of Civ.R. 54(D) is consistent with the view taken by the Fifth Circuit Court of Appeals in construing Fed.R.Civ.P. 54(d).  See, e.g., Three-Seventy Leasing Corp. v. Ampex Corp. (C.A.5, 1976), 528 F.2d 993; Quarles v. Oxford Mun. Separate School Dist. (C.A.5, 1989), 868 F.2d 750; and Hall v. State Farm Fire & Cas. Co. (C.A.5, 1991), 937 F.2d 210.

Douglas, J., concurring in part and dissenting in part. I concur with the disposition of the cross-appeal on the issue of attorney fees.  I do not agree with the majority's disposition of the issues raised by appellants' appeal, or with the majority's ultimate judgment in this matter.  In its effort to validate the Loc.R. 2.53 "compulsory arbitration" process, the majority has compromised the purposes of the Civil Rules and has ignored the fundamental constitutional right to trial by jury.  I, for one, cannot join the majority in its agenda in this case.

The facts giving rise to the appeal and cross-appeal are not complicated.

Appellant and cross-appellee Stanley D. Vance was injured in the course of his employment as a Montgomery County Sheriff's Deputy when his police cruiser collided with a vehicle operated by appellee and cross-appellant, Alice Roedersheimer (hereinafter "appellee").  In September 1989,

Vance and his wife, appellant and cross-appellee Beverly Vance (collectively referred to as "appellants"), filed a negligence action against appellee in the Court of Common Pleas of Montgomery County.

Loc.R. 2.53 of the Court of Common Pleas of Montgomery County, General Division, provides for the "compulsory arbitration" of certain claims. An "award" rendered in the "arbitration" proceeding may be "appealed" by either party to the court of common pleas for a trial de novo. On December 20, 1989, the trial court issued an order requiring the parties herein to engage in the Loc.R. 2.53 "arbitration" process.

In April 1990, the matter proceeded to a hearing before a panel of three arbitrators (the "panel"). Following the hearing, the panel "awarded" Stanley Vance $10,000 and Beverly Vance $1,000 on her claim for loss of consortium. Appellants appealed this "award" and the case was tried before a jury. On June 27, 1990, the jury returned a verdict in favor of appellants and against appellee, and awarded $5,000 to Stanley Vance. Beverly Vance, although prevailing on the issues, was awarded nothing on her consortium claim.

On July 6, 1990, appellee filed a motion with the trial court seeking an award of costs and attorney fees pursuant to Loc.R. 2.53(Z).6 On July 23, 1990, the trial court awarded appellee $2,230.10 in "costs" against appellants. Appellee's motion for attorney fees was denied. Thereafter, appellants appealed to the court of appeals claiming that Loc.R. 2.53(Z) contravenes Civ.R. 54(D) by permitting an award of costs to a non-prevailing party and is, therefore, unconstitutional.7 Appellee cross-appealed, arguing that the trial court erred in denying her motion for attorney fees.

With respect to appellants' appeal, the court of appeals, in a divided vote, citing Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925, stated that "[t]he expansive definition of 'costs' contained in Loc.R. 2.53(Z)(4) exceeds the limitations imposed on the word 'costs' by the Supreme Court of Ohio, the author of Civ.R. 54(D). As such, the local rule is in conflict with Civ.R. 54(D)." On this basis, the court of appeals reversed the award of "costs" to appellee, finding that Loc.R. 2.53(Z) was unconstitutional as applied. Further, the court of appeals remanded the cause to the trial court for consideration of an award of "costs" to appellee "which conforms with Centennial." With respect to the cross-appeal, the court of appeals affirmed the judgment of the trial court denying appellee's motion for attorney fees. The cause is now before us for final determination.

I

Appellants appeal from the judgment of the court of appeals remanding this cause to the trial court for consideration of an award of costs to appellee. Appellee cross-appeals from the judgment of the court of appeals affirming the denial of her motion for attorney fees. The central issue in this case concerns the enforceability of Loc.R. 2.53(Z).

Courts in this state are entitled to adopt rules concerning local practice in their respective courts. However, these rules may not be inconsistent with any rules governing

procedure and practice, such as the Rules of Civil Procedure, promulgated by the Supreme Court. Section 5(B), Article IV of the Ohio Constitution. See, also, Civ.R. 83. Therefore, Loc.R. 2.53(Z) is unenforceable to the extent that it is inconsistent with the Civil Rules, or any other rules promulgated by this court governing procedure and practice.

Appellants argue that Civ.R. 54(D) authorizes a court to award costs only to a prevailing party, and that Loc.R. 2.53(Z) contravenes Civ.R. 54(D) by authorizing an award of costs to appellee, a non-prevailing party. Civ.R. 54(D) provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." (Emphasis added.)

A majority of the court of appeals, in addressing appellants' argument, determined that appellee was the prevailing party at trial since the jury awarded appellants less than one hundred twenty-five percent of what the "arbitrators" had "awarded" them. See Loc.R. 2.53(Z)(1)(b). Additionally, the court of appeals' interpretation of Civ.R. 54(D) was that the phrase "unless the court otherwise directs" empowers a court to award costs to a non-prevailing party. Accordingly, the court of appeals concluded that Loc.R. 2.53(Z) is not inconsistent with Civ.R. 54(D) in permitting an award of costs to appellee, so long as the "costs" awarded are limited in accordance with Centennial, supra.

Conversely, Judge Brogan of the court of appeals, in a separate analysis of the issue, determined that the language in Civ.R. 54(D), "unless the court otherwise directs," does not empower a court to award costs to a non-prevailing party but, rather, grants the court discretion to order that each party bear all or part of his or her own costs. Therefore, Judge Brogan concluded that Loc.R. 2.53(Z) contravenes Civ.R. 54(D) by permitting an award of costs to appellee, and that the appropriate remedy would have been to reverse the award of costs, rather than reversing and remanding as ordered by the court of appeals majority. I believe that Judge Brogan was correct in his analysis of the issue.

My interpretation of Civ.R. 54(D) is that the phrase "unless the court otherwise directs" does not empower a court to award costs to a non-prevailing party but, rather, grants the court discretion to order that the prevailing party bear all or part of his or her own costs. Civ.R. 54(D) contemplates that an award of costs will be made (if at all) to the prevailing party. Here, the prevailing parties8 at trial were Stanley Vance, who received a verdict and judgment on the primary claim, and Beverly Vance who prevailed upon the issues. Therefore, Loc.R. 2.53(Z) is contrary to Civ.R. 54(D) in authorizing an award of costs to appellee, the non-prevailing party.

Accordingly, I would hold that Loc.R. 2.53(Z) could not and cannot empower the trial court to award costs to appellee as Civ.R. 54(D) only authorizes a court to award costs to a prevailing party. Thus, the court of appeals reached the proper result in reversing the award of costs to appellee. However, the court of appeals erred (as does today's majority) in its judgment to remand the cause to the trial court to

reconsider an award of costs to appellee, the party who did not prevail at trial. For these reasons, and for the reason that appellee is not entitled to attorney fees, I would affirm the judgment of the court of appeals whereby it reverses the award of costs to appellee and affirms the denial of attorney fees to appellee. Upon remand to the trial court, that court should award costs to appellants (assess the costs to appellee) or, if the court deems it advisable, require each party to pay his own costs. As appellants would then be afforded, in part, the relief which they seek in their appeal to this court, I would refrain from deciding the constitutional issue of whether Loc.R. 2.53(Z) violates the right to trial by jury. See, e.g., In re Miller (1992), 63 Ohio St.3d 99, 585 N.E.2d 396 (constitutional issues are not decided where case can be decided on other grounds); and In re Boggs (1990), 50 Ohio St.3d 217, 553 N.E.2d 676 (same principle). However, given the majority's disposition of the issues in this case, it becomes necessary to address the constitutional question.

                                II

Today's majority finds that appellee was the prevailing party at trial and that, therefore, Loc.R. 2.53(Z) is consistent with Civ.R. 54(D) in permitting an award of "costs" to appellee. In reaching this conclusion, the majority essentially finds that the provisions of the local rule can prescribe (or define) who is the "prevailing party" within the meaning of Civ.R. 54(D).9 If the majority is correct that a local rule of court can dictate who is the prevailing party for purposes of an award of costs, then Civ.R. 54(D) will potentially have a different meaning in every Ohio court exercising civil jurisdiction. This is a difficult proposition to accept (and one which I cannot accept) given the fact that the purpose of the Civil Rules is to provide a uniform set of rules governing civil procedure which, before today, was to be uniformly applied throughout this state.

As if compromising the integrity of the Civil Rules were not enough, the majority then proceeds to avoid appellants' argument concerning the constitutionality of Loc.R. 2.53(Z), even though the majority fails to grant appellants any relief on the non-constitutional question concerning the conflict between Civ.R. 54(D) and the local rule. In avoiding the constitutional question, the majority creates a new doctrine of judicial restraint which, when properly understood, makes no sense whatsoever. Take the following example.

Assume a defendant is convicted for violating a criminal statute and seeks to have the conviction set aside, claiming (1) that there is insufficient evidence to sustain the conviction, and (2) that the statute is unconstitutional. Applying the doctrine of judicial restraint which the majority today creates, if we were to find sufficient evidence to sustain the conviction, we would refrain from addressing the argument that the statute itself is unconstitutional. This is not and cannot be the law, yet, in principle, that is precisely what the majority has done here today. The reason the majority does not decide the constitutional question properly raised by appellants is obvious -- Loc.R. 2.53(Z) is unconstitutional and the majority does not wish to reach that conclusion.

With regard to the constitutionality of the local rule,

the majority does offer one rather curious comment in not addressing appellants' arguments. The majority states that Loc.R. 2.53(Z), as limited by today's majority opinion, "* * * has no more chilling effect [on the right to trial by jury] than does the application of Rule 54(D) to assess costs against any non-prevailing party." Not true! What the majority overlooks, of course, is that appellants are found by the majority to be non-prevailing parties for purposes of an assessment of "costs" against them because of the local rule which, as explained infra, penalizes appellants for exercising their right to trial by jury.

                              III

The obvious purpose and effect of Loc.R. 2.53(Z) is to create certain disincentives for a party who wishes to litigate a determination rendered in a Loc.R. 2.53 "arbitration" proceeding. Here, the effect of the local rule was to punish appellants for having exercised their absolute constitutional right to a civil jury trial by permitting an award of costs against appellants simply because they received an award at trial which was less than the valuation of the claim at the Loc.R. 2.53 non-binding "arbitration" proceeding. Unlike the majority, I am not willing to tolerate such intrusions upon the sacred and essential right to trial by jury -- however slight, modest or minimal that intrusion may seem to be.

Throughout our history, the right to trial by jury has been considered the crown jewel of our liberty and, at every turn, we must pay particular attention to jealously guard and protect that sacred right from those among us who seek to take it away. Appellants fell victim to appellee's negligence and exercised their fundamental constitutional right as citizens of this state, and of the United States, to try the case before an impartial jury. To penalize appellants (who successfully prosecuted their claim before a jury) for having exercised their rights is unconscionable and unconstitutional. The following quote has particular relevance with respect to the rights of appellants, and of tort victims in general, and this court's responsibility to protect those rights:

"Every year, thousands of Americans fall victim to avoidable injuries. From drunken drivers to defective and unreasonably dangerous products, there is a staggering toll of individuals whose constitutionally recognized right of personal security is violated. * * *

"These are the beneficiaries of the Seventh Amendment. To each of them it guarantees that their right to a civil jury trial shall be preserved. And it is a settled rule of constitutional law, so well established and so long recognized as to be set in stone, that any infringement of such right, however subtle, however slight, is a violation of the Constitution of the United States which every public official in this country has sworn to uphold.

"Although the number of victims is large, as a percentage of the population they are almost insignificant. They will create no landslides and swing no elections. The politician who seeks a platform that will ensure his continued incumbency need not fear their wrath, for he may disregard them with little effect upon the public opinion polls.

"But our Bill of Rights was not enacted to satisfy the

shifting whims of a constantly changing majority.  The Bill of Rights is designed to protect the misfortunate minority into which the fickle winds of fate may blow any one of us at any time.  These are the individuals who need the protection of a Bill of Rights.  For our Constitution either protects everyone or it protects no one, a fact that many modern politicians cannot seem to grasp.

"* * *

"There are, unfortunately, today many who are approaching the sacred jewel of the Seventh Amendment with covetous eye and evil intent."  (Emphasis sic.)  American Jury Trial Foundation, A Tribute to Trial by Jury (1992), at 20.

In 1937, Justice George Sutherland, in his dissent in Assoc. Press v. Natl. Labor Relations Bd. (1937), 301 U.S. 103, 141, 57 S.Ct. 650, 659, 81 L.Ed. 953, 965, wrote that "the saddest epitaph which can be carved in memory of a vanished liberty is that it was lost because its possessors failed to stretch forth a saving hand while yet there was time."  As those who are sworn to defend the Constitution of the United States (the Seventh Amendment) and the Constitution of Ohio (Section 5, Article I), we should be stretching forth a saving hand to preserve the right rather than making the fatal mistake of giving the right the back of our hand.

Today's majority permits the provisions of a local rule to infringe upon the right to trial by jury.  I am not equally willing to allow that right to be cheapened (or made more expensive as the case may be).  Section 5, Article I of the Ohio Constitution states that the right of trial by jury "* * * shall be inviolate * * *."  It is difficult to imagine a statement clearer in purpose or intent.  If any infringement on the right to trial by jury is prohibited under the Seventh Amendment to the United States Constitution, the prohibition against infringing upon the right to trial by jury in Ohio is even more strongly stated in Section 5, Article I of the Ohio Constitution.

Unless a majority of this court unfolds its arms and stretches forth a saving hand to preserve for all of us the inestimable right to trial by jury, that precious right may be forever lost, and the epitaph carved in memory of the vanished liberty will be that it could have been saved had any effort been made while there was still time.  In the words of Patrick Henry, "[t]rial by jury is the best appendage of freedom."  "I hope we shall never be induced * * * to part with that excellent mode of trial."  "Guard with jealous attention the public liberty.  Suspect every one who approaches that jewel." 3 Elliot's Debates (1836) 324, 544, 45.

For the foregoing reasons, I concur in part and dissent in part.

Sweeney and Resnick, JJ., concur in the foregoing opinion.

FOOTNOTES:

6    Loc.R. 2.53(Z) provides, in part:

"Award of Reasonable Attorney's Fees and Costs to Appellee
"1.  In the case of any action that is tried de novo as the result of an appeal from an arbitration order, the court, in the exercise of its sound discretion, may include in the judgment an award of reasonable attorney's fees and costs for the parties as follows:

"* * *

"b.  For a defendant-appellee, if the judgment remains in defendant-appellee's favor or is reversed in defendant-appellee's favor or if the judgment in favor of plaintiff-appellant does not exceed the arbitration award by more than twenty-five percent.

"2.  An award of reasonable attorney's fees and costs may be made pursuant to division (1) of this section upon the Motion of a party within fourteen days after the jury's verdict or the Court's order in the action, and before the entry of judgment.  Upon Motion, the Court shall:

"a.  Set the matter for hearing;

"b.  Give notice of the time and date of the hearing to the parties involved and their counsel of record;

"c.  Allow the parties involved to present relevant evidence at the hearing.

"3.  In determining whether to award attorney's fees and costs pursuant to division (1) of this section and the amount thereof, if any, the Court shall consider all of the following factors:

"a.  The number of parties and claims for relief in the action;

"b.  The complexity of the issues in the action;

"c.  Whether or not liability was clear;

"d.  Any other matters relating to the merits, the amount of attorney's fees paid or agreed to, and advisability of the appeal of the arbitration order.

"4.  'Costs' includes, but is not limited to, court reporter statements, deposition transcripts, travel expenses, expert witness fees and expenses associated with the preparation of demonstrative evidence."

Appellants also claimed that Loc.R. 2.53(Z) violates the right to trial by jury under the Ohio and United States Constitutions.

Black's Law Dictionary (6 Ed. 1990) 1188, defines "prevailing party," in part, as follows:

"The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention.  The one in whose favor the decision or verdict is rendered and judgment entered.  * * * This may be the party prevailing in interest, and not necessarily the prevailing person.  To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.

"As used in Federal Civil Procedure Rule 54(d), which provides that costs shall be allowed as of course to prevailing party unless court otherwise directs, 'prevailing party' means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims.  * * *" (Emphasis added.)

The majority states that "[t]he trial in this case, although de novo, is an appeal from an arbitration award.  A party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed."  The fact of the matter is that appellants are, by definition, the

prevailing parties in this case.  See fn. 3, supra.  Further, by a simple reading of the definitions of the terms "appeal," "arbitration," "award" and "de novo trial," the internal inconsistencies of Loc.R. 2.53 (and the majority opinion) become clear.  The terms "appeal," "arbitration" and "de novo trial" are defined in Black's Law Dictionary, supra, at 96, 105 and 435, respectively:

"Appeal.  Resort to a superior (i.e. appellate) court to review the decision of an inferior (i.e. trial) court or administrative agency.  * * *"  (Emphasis added.)

"Arbitration * * *.  A process of dispute resolution in which a neutral third party (arbitrator) renders a decision after a hearing at which both parties have an opportunity to be heard.  * * *  An arrangement for taking and abiding by the judgment of selected persons in some disputed matter, instead of carrying it to established tribunals of justice, and is intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation.  * * *"  (Emphasis added.)

"De novo trial.  Trying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered.  * * *"  (Emphasis added.)

"Award" is defined in Webster's Third New International Dictionary (1986) 152, as "a judgment * * * or final decision[.]"

Applying these definitions to Loc.R. 2.53, it becomes obvious that the proceeding provided for in the rule is not arbitration because the parties are not required to abide by the judgment of the selected persons, nor does the proceeding prevent ordinary litigation; that the decision emanating from the proceeding is not final and, therefore, that judgment does not result in an "award"; that a hearing of the matter in the common pleas court is really not an "appeal" because (1) the board (arbitration panel) is not an inferior court or administrative agency, and (2) the action must have originated in the common pleas court before Loc.R. 2.53 becomes effective and, therefore, there cannot be an "appeal" from a court to itself; and finally, that since the rule provides for a "de novo trial," that clearly means it is as though there had been no prior proceeding and thus no "award."  See R.C. Chapter 2711 and Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 590 N.E.2d 1242.

It is also curious that the majority does not address the issue of what its decision would be if appellants had obtained a jury verdict of $10,001, or even $11,500.  Would the majority then say that the appellants had prevailed or do they only prevail if their verdict is $12,501?  What if the verdict is exactly $12,500?  Are appellants prevailing parties?

It is not difficult to see why the majority decision is so facile.  The so-called award rendered in the Loc. R. 2.53 proceeding was not binding upon the rights of the parties, yet the majority implies that the non-binding proceeding had binding effect on the prevailing-party issue.  Part of the majority's confusion can be attributed to a complete lack of understanding of the arbitration system of dispute resolution and the ignoring of the constitutional rights of the citizens of this state.