DECISION
On May 11, 1998, plaintiffs-appellees, Yvonne F. Day ("appellee") and her husband Don Day, filed an action against defendant-appellant, Meijer, Inc., alleging that appellee had been injured while shopping in a Meijer store located at 5800 Chantry Drive in Columbus, Ohio. The complaint alleged that appellee's injuries occurred when picture frames fell on her. Mr. Day claimed that he suffered a loss of consortium.
The trial court referred the case to arbitration pursuant to Loc.R. 103.01. The arbitration panel awarded appellee $1,500 in damages. Appellee appealed the arbitration award. The case proceeded to trial as to appellee on the issues of proximate cause and damages only because appellant admitted liability. The jury returned a verdict in favor of appellee and awarded $500 in damages, all for pain and suffering.
Appellant requested that the court costs be assessed against appellee, and appellee requested that the court costs be assessed against appellant. Each party alleged that it was the prevailing party. The trial court found appellee to be the prevailing party and ordered appellant to pay the court costs. Appellant filed a notice of appeal and raises the following assignments of error:
 1. The trial court erred in finding that Plaintiff-Appellee Yvonne Day was the "prevailing party" for purposes of an assessment of court costs.
 2. The trial court erred in ordering Appellant Meijer, Inc. to pay court costs.
The assignments of error are related and shall be addressed together. Appellant alleges that the trial court erred in finding appellee to be the prevailing party and in ordering appellant to pay the court costs. Appellant relies upon Vance v.Roedersheimer (1992), 64 Ohio St.3d 552, for its proposition that it is the prevailing party. In Vance, an arbitration panel awarded Stanley Vance $10,000, and his wife, Beverly, $1,000 for injuries Mr. Vance sustained in an automobile accident with Alice Roedersheimer. The Vances appealed and a jury trial was conducted. The jury returned a verdict in favor of the Vances but awarded Stanley only $5,000 in damages and made no award to Beverly. The trial court relied upon Loc.R. 2.53(Z) for the Montgomery County Court of Common Pleas and awarded $2,230.10 in costs against the Vances, but denied attorney fees. After an appeal, the court of appeals reversed the award of costs to Roedersheimer, finding Loc.R. 2.53 to be unconstitutional, finding the definition of "costs" in Loc.R. 2.53(Z)(4) exceeded the limits imposed by Civ.R. 54(D). The Supreme Court of Ohio examined Loc.R. 2.53(Z), which allowed the trial court to award attorney fees and costs to a party when an arbitration panel made a larger award than the jury awarded when the arbitration award was appealed. The Ohio Supreme Court reaffirmed that an award of attorney fees must be based upon statutory authorization, which did not exist in the Vance case.
Civ.R. 54(D) provides:
 (D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
The court in Vance stated, at 555:
 Our interpretation of Civ.R. 54(D) is that the phrase "unless the court otherwise directs" grants the court discretion to order that the prevailing party bear all or part of his or her own costs. We differ from the court of appeals in that we do not believe that such phrase empowers the court to award costs to a non-prevailing party. We also differ from the court of appeals in that we do not view the Vances as the prevailing party. The trial in this case, although de novo, is an appeal from an arbitration award. A party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed. Loc.R. 2.53(Z) is therefore not contrary to Civ.R. 54(D) to the extent that it authorizes an award of costs to Roedersheimer.
Thus, Vance and Civ.R. 54(D) permit the trial court to exercise its discretion to determine whether to award the court costs to the prevailing party or to require the prevailing party to bear his or her own costs. Vance does not permit the trial court to exercise its discretion to determine which party is the prevailing party or to award court costs to the non-prevailing party. Applying Vance to this case, since appellee received significantly less from the jury award ($500) than the amount awarded by the arbitration panel ($1,500), she was not the prevailing party as defined in Vance. Appellant's assignments of error are well-taken.
For the foregoing reasons, appellant's two assignments of error are sustained and the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment reversed and case remanded.
 _______________________________ BOWMAN, PRESIDING JUDGE
KLINE, J., concurs.
TYACK, J., dissents.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.