Since I differ from the majority of this panel in the interpretation of Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, I respectfully dissent.
Meijer, Inc., relies upon the Vance case in asserting that it was the prevailing party and that it should be entitled to an assessment of court costs against Ms. Day. The Vance case is a case without a syllabus, so its significance must be determined from the body of the opinion. Rule 1(C) of the Rules for the Reporting of Opinions of the Supreme Court reads:
 In a per curiam opinion of the Supreme Court, the point or points of law decided in the case are contained within the text of each per curiam opinion and are those necessarily arising from the facts of the specific case before the Court for adjudication.
As noted in the majority opinion, in the Vance case, an arbitration panel awarded Stanley Vance $10,000 for injuries he sustained in an automobile collision. Beverly Vance was awarded $1,000 by the arbitration panel. The Vances appealed and a jury trial was conducted. The jury awarded $5,000 to Stanley Vance and no damages to Beverly Vance.
Loc.R. 2.53 for the Court of Common Pleas of Montgomery County allowed the trial court to award attorney fees and costs to a party such as Alice Roedersheimer when the arbitration panel made a larger award than the jury, subsequently following an appeal of the arbitration award. Therefore, Ms. Roedersheimer filed a motion seeking attorney fees and costs. The trial judge then awarded $2,230.10 in costs, but denied attorney fees. Both sets of parties appealed.
The Second District Court of Appeals affirmed the denial of attorney fees and reversed a part of the award of costs.
In a four-three decision, the Supreme Court of Ohio agreed that the definition of "costs" in Loc.R. 2.53 involved the awarding of costs which exceeded those allowable under the holding of Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, and under Civ.R. 54(D). The Supreme Court therefore affirmed the judgment of the Second District Court of Appeals as to the awarding of some costs. The Supreme Court also held that an award of attorney fees must be based upon a statutory authorization and that no statutory authorization existed in theVance case.
I view the holding of Vance to be that an award of costs in accord with the definition of "costs" in Civ.R. 54(D) may be made where a local rule authorizes such an award and where a trial judge invokes such a local rule to make an award of costs. TheVance case does not require an award of costs in the situation presented by Ms. Day and Meijer, Inc. First, the local rules for the Court of Common Pleas for Franklin County, Ohio, do not allow for such an award of costs. Second, the trial court, in its discretion, did not deem such an award of costs to be appropriate. Thus, I believe the Supreme Court of Ohio's opinion in Vance does not mandate an award of costs here.
Further, I believe, in Vance, the Supreme Court of Ohio did not address the issue of who was "the prevailing party," instead noting that Civ.R. 54(D) allowed the awarding of costs to a party who was not the prevailing party.
For the foregoing reasons, I would overrule the assignments of error and affirm the judgment of the trial court. Since the majority of this panel reaches a different conclusion, I respectfully dissent.