ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Defendant-appellant DaimlerChrysler Corporation appeals from the trial court's award of attorney fees to the plaintiff-appellee Nancy Shular.
Ms. Shular filed her complaint seeking recovery under both the Manguson Moss Federal Warranty Act, 15 U.S.C. § 2301, et. seq. and R. C.1345.71. The parties do not disagree that prior to the jury verdict, the appellant made various offers to the appellee, including an offer of $9,000, to settle both the underlying causes of action and the claim for attorney fees/costs. The jury awarded the appellee $1,500. The trial court awarded $16,247.50 in attorney fees and statutory costs.
The appellant sets forth one assignment of error:
 THE TRIAL COURT INCORRECTLY GRANTED PLAINTIFF'S MOTION FOR ATTORNEY FEES SINCE SHE WAS NOT A PREVAILING PARTY.
The appellant asserts that the appellee is not the prevailing party for purposes of the award of attorney fees and costs because the jury returned a verdict which was less than the offers made by the appellant. In support of this position, the appellant has cited to Vance v. Roedersheimer (1992), 64 Ohio St.3d 552 and various miscellaneous opinions.
To resolve this issue, this court first turns to the Ohio Civil Rules. Civ.R. 54(D) permits a court to award costs to the prevailing party. Civ.R. 68 states that an offer of judgment by any party, if refused by an opposite party, may not be filed with the court by the offering party for purposes of a proceeding to determine costs.
These statements seem determinative of this appeal; however, this court further notes that appellate courts in considering the issue raised by the appellant have found that an offer of settlement should not be considered in determining whether or not a party is the prevailing party. See Bottles v. Rentz (Oct. 31, 1997), Hamilton App. Nos. C-960787, C-960842, unreported; Woodfork v. Jones (Feb. 21, 1997), Montgomery App. No. 15841, unreported; Jones v. Lindsey (Nov. 1, 1995), Hamilton App. Nos. C-940701, C-940786, unreported; Wainscott v. Frauenknecht (Aug. 14, 1995), Warren App. No. CA94-11-094, unreported; Wyoma v. Johnson (Oct. 7, 1994), Lake App. No. 94-L-004, unreported; and, Wolfe v. Cooper (May 27, 1993), Cuyahoga App. No. 62372, unreported.
The appellant's assignment of error is overruled.
Judgement affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ SWEENEY, JAMES D., P.J.