[Cite as *Martin v. Lake Mohawk Properties Owner's Assn., Inc.*, 2011-Ohio-5132.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| EMERY MARTIN, et al. | ) | CASE NO. 10 CA 869 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LAKE MOHAWK PROPERTIES | ) | |
| OWNER'S ASSOCIATION, INC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Carroll County, Ohio Case No. 04-CVH-23875

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiffs-Appellants: Atty. Bruce H. Wilson
789 West Market Street
Akron, Ohio 44303

For Defendants-Appellees, Atty. John Hersch
Robert and Nancy Mizerik: UAW-Ford Legal Services Plan
8536 Crow Drive, Suite 240
Macedonia, Ohio 44056

For Defendants-Appellees, Atty. Brian R. Mertes
Lake Mohawk Property Owner's Assoc.: Black, McCuskey, Souers & Arbaugh
220 Market Ave., South, Suite 1000
Canton, Ohio 44702

JUDGES:
Hon. Cheryl L. Waite

Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 26, 2011

WAITE, P.J.

{1} Appellants, Emery Martin and the Martin family, appeal the judgment entry of the Carroll County Court of Common Pleas, denying their motion to tax costs to Appellees pursuant to Civ.R. 54(D) because the motion was not timely filed. The record does not reflect any abuse of discretion in the trial court's denial of the motion, and the judgment of the trial court is hereby affirmed.

{2} Appellees, Robert and Nancy Mizerik, built a lake-front residence on Lot 1043 on Lake Mohawk in Carroll County in 2003. The position of the residence on the property violated a restriction in a building code formulated and enforced by Appellee, Lake Mohawk Property Owner's Association. Although Appellants objected to the new construction for the reason that it diminished the value of their property, the Association took no action to halt construction. As a consequence, Appellants filed a breach of contract action, seeking both a preliminary and a permanent injunction to prevent construction of the Mizeriks' residence, and, in the alternative, money damages. After two merit appeals to this Court, the details of which are not relevant to this appeal, the trial court awarded $75,000.00 in damages in favor of Appellants for the diminution in value of their residence. (12/30/08 J.E., p. 6.) The judgment entry read, in pertinent part, "[t]herefore, damages for loss of privacy and partial loss of view of a lake relative to Lot 1043, Lake Mohawk, Carroll County, Ohio

are hereby awarded Plaintiffs Martins in the amount of $75,000.00 against the Defendants. This cause is continued for further proceedings before this Court relative to pending cross claims."

**{3}** Following the December 30, 2008 judgment entry, Appellants filed a motion for prejudgment interest and Appellees filed a motion for new trial. After lengthy briefing periods, both motions were denied on July 6, 2009. The cross claims between the Mizeriks and the Association were resolved in a judgment entry issued on October 13, 2009.

**{4}** Appellants verbally requested reimbursement for costs from Appellees in this matter on January 8, 2010. Appellants sent a letter requesting costs on January 15, 2010. The Civ.R. 54(D) motion for costs was filed on February 11, 2010. The trial court denied the motion on March 30, 2010. The trial court wrote that Appellants were seeking an award of costs for expenses "incurred during the period of approximately November 2004 until April 2007." (3/30/10 J.E., p. 1.) The trial court concluded that "[t]he record is devoid of any factor that prevented Plaintiff from immediately presenting its motion for costs following the entry of judgment against Defendants, or at any time thereafter before actually doing so in February 2010." (3/30/10 J.E., p. 3.) As a consequence, the trial court concluded that the more than thirteen-month delay was unreasonable. As all of the assignments of error challenge the timeliness of the motion for costs, we will address them together.

Assignment of Error One

**{5}** "The trial court erred when it stated that the record contained no reasonable explanation why Plaintiffs waited to request an assessment of costs."

### Assignment of Error Two

**{6}** "The trial court erred in finding a thirteen-month delay in filing a motion to tax costs, when the record reflects only a four-month delay."

### Assignment of Error Three

**{7}** "The trial court abused its discretion in finding the time period within which Plaintiffs filed their motion to tax costs unreasonable."

**{8}** Appellant is challenging the trial court's denial of his motion to tax court costs. Civ.R. 54(D), captioned: "Costs," reads, "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." The prevailing party is not automatically reimbursed for court costs, even when such costs are permitted by rule or statute. *Naples v. Kinczel*, 8th Dist. No. 89138, 2007–Ohio–4851, ¶3. The prevailing party must request the payment of costs, normally by motion to the court, and has the burden of establishing that the expenses sought are costs authorized by law. Id. at ¶6. No specific time period is required by the Rules of Civil Procedure for requesting reimbursement of costs. The few courts confronted by the question have held that a motion to tax costs must be filed within a reasonable period of time. See, e.g., *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 691, syllabus. Additionally, the trial court has broad discretion in determining the amount of court costs to award to the prevailing party: "Our interpretation of Civ.R. 54(D) is that the

phrase 'unless the court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs." *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153. Absent an abuse of discretion, a trial court's decision regarding costs will not be reversed. *Ryan v. Ryan*, 7th Dist. No. 07-BE-48, 2008-Ohio-6358, ¶36. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Tracy v. Merrill-Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875.

**{9}** Appellants contend that discussions regarding the issue of costs began between counsel for the parties in December of 2009, only two months after the judgment entry resolving the cross claims was issued. The record reflects, however, that discussions took place in early January of 2010, and letters were exchanged soon after that. Appellants then filed a motion to tax costs on February 11, 2010, when it became clear that Appellees were not going to pay the costs described in Appellants' prior communications.

**{10}** Appellants requested reimbursement for $2,691.69 in court costs. All of the costs listed in the motion filed with the trial court were incurred prior to April of 2007. The largest cost requested was for the transcript of proceedings that was ordered for Appellants' prior appeal to this Court. The appeal was resolved in 7th Dist. No. 06-CA-841, 2007-Ohio-6432. Appellants sought reimbursement in the amount of $1,696.49 for these transcripts. The remaining costs were incurred in November, 2004; February, 2005; November, 2006 and December of 2006.

**{11}** The major portion of the costs requested by Appellants consisted of transcripts, and transcripts may be reimbursed as costs to the prevailing party. R.C. 2303.21 states: "When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases."

**{12}** Appellants do not allege that any additional costs were incurred after April of 2007, nor do they contend that the motion to tax costs could not have been filed shortly after the December 30, 2008, judgment entry. Appellants simply argue that the judgment entry of December 30, 2008, did not resolve all pending matters in the case, and that it was more appropriate to use the judgment entry dated October 13, 2009, as the starting point for calculating whether the motion to tax costs was filed in a reasonable period of time. Appellants assert that it was not until the October of 2009, judgment that the trial court addressed and apportioned court costs: "Costs to be proportionally assessed to Defendants according to the apportionment of liability set forth herein." Appellants contend that there were many additional issues still pending in December of 2008, such as cross claims, motions for new trial, and a motion for prejudgment interest, making it reasonable to delay filing a motion to tax costs until those issues were resolved.

**{13}** As stated earlier, the trial court has broad discretion in deciding the amount, if any, of costs to award to the prevailing party. The trial court in this case was well aware of its discretion in this matter, and referred to it in the March 30,

2010, order denying Appellants' motion for costs. That discretion is not limited to deciding whether a motion to tax costs is filed in a reasonable amount of time. The trial court retains complete discretion over awarding some, all, or none of the costs to the prevailing party. *Vance*, supra, 64 Ohio St.3d at 555, 597 N.E.2d 153. This is true even if the motion to tax costs was filed within a reasonable period of time.

{14} The trial court clearly articulated its reasons for denying the motion for costs. The trial court concluded that Appellants could have requested their costs as early as December 30, 2008, when final judgment was entered. Our records reflect that Appellants could have raised the issue of costs, at least with respect to the costs for the 2006 transcripts, when our Opinion in the prior appeal was released on November 28, 2007. See *Martin v. Lake Mohawk Property Owner's Assn.*, 7th Dist. No. 06-CA-841, 2007-Ohio-6432. The transcripts for that appeal cost $1,696.49, which is more than 60% of the total costs that Appellants are attempting to collect. In our entry, we taxed the costs to the parties equally. Since the transcripts from that appeal were part of the costs of the appeal and, hence, were to be included in the apportionment of costs covered by our 2007 order, it is puzzling to note that those transcripts are listed in Appellants' motion to tax costs filed with the trial court on February 15, 2010. If there was some problem in the apportionment or reimbursement of costs in 2007, one would certainly have expected action on the matter before February 15, 2010, whether by means of a motion to this Court or to the trial court.

**{15}** Appellants appeared before the trial court at five different hearings in 2009, and never once mentioned costs. Appellants moved for prejudgment interest in May of 2009, but did not mention costs. Appellees asked for an itemized list of costs in June of that year, but did not receive a response from Appellants. Appellants did not begin discussing costs with Appellees until January 8, 2010, and did not file a motion for costs until February of 2010. Finally, the trial court found no reason to explain why Appellants delayed their request for costs. Based on the reasons stated by the trial court in the March 30, 2010 judgment entry, we cannot conclude that the trial court's attitude was unreasonable, arbitrary or unconscionable. Accordingly, we overrule Appellants' three assignments of error, and we affirm the judgment of the trial court.

Donofrio, J., concurs.

Vukovich, J., concurs.