Lanzinger, J.,
concurring.
{¶ 31} I concur reluctantly, for in reversing the appellate court’s judgment that denied the writs of prohibition and mandamus, it appears as though we are rewarding an attorney who used tactics that were less than forthright. On January 12, 2011, at 2:25 p.m., Judge Russo electronically transmitted her signed order to the clerk of courts of Cuyahoga County that granted summary judgment in favor of the respondents. Loc.R. 19.1(B) of the Court of Common Pleas of Cuyahoga County, General Division, provides:
{¶ 32} “Electronic transmission of a document with an electronic signature by a Judge or Magistrate that is sent in compliance with procedures adopted by the Court shall, upon the complete receipt of the same by the Clerk of Court, constitute filing of the document for all purposes of the Ohio Civil Rules, Ohio Criminal Rules, Rules of Superintendence, and the Local Rules of this Court.” (Emphasis added.)
{¶33} After transmitting her order to the clerk’s office, Judge Russo also notified the attorneys electronically that she had granted the respondents’ motion for summary judgment. And although the judge’s order had been queued at 2:25 *144 p.m. in the clerk’s office, it was not entered on the clerk’s journal, stamped with a precise time and date until 4:05 p.m. In the meantime, Engelhart’s attorney was able to file a motion to voluntarily dismiss the case at 3:48 p.m.
Graydon, Head & Ritchie, L.L.P., and John C. Greiner, for appellant.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.
{¶ 34} Unfortunately, the local rule conflicts with the current version of Civ.R. 58(A), which specifies that “[a] judgment is effective only when entered by the clerk upon the journal.” Local rules may not be inconsistent with any rule prescribed by this court governing procedure or practice, including the Rules of Civil Procedure. Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 554, 597 N.E.2d 153. Thus, despite the judge’s completion of all actions required of her and notification to the parties of her order, the deputy clerk’s delay in “entering” the order on the journal of the clerk of courts made the order ineffective as against a voluntary dismissal under Civ.R. 41(A).
{¶ 35} The language of the Civil Rule permits no alternative.
O’Connor, C.J., and McGee Brown, J., concur in the foregoing opinion.