[Cite as *Bank of New York Mellon Trust Co., Natl. Assn. v. Loudermilk*, 2014-Ohio-2546.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION | JUDGES: Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-75 |
| CHARLES H. LOUDERMILK, DECEASED, ET AL. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
                             Appeals, Case No. 10 CV 106


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 12, 2014


APPEARANCES:


For Plaintiff-Appellee                For Defendants-Appellants


AMELIA BOWER                          THOMAS JAMES CORBIN
300 East Broad Street                 842 North Columbus Street
Suite 590                             Lancaster, Ohio 43130
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Defendants-appellants Charles H. Loudermilk, Deceased, Et Al. ("Appellants") appeal the October 14, 2013 Entry entered by the Fairfield County Court of Common Pleas, which overruled their Motion for Relief from Judgment pursuant to Civ. R. 60(B).  Plaintiff-appellee is The Bank of New York Mellon Trust Co. ("the Bank").

STATEMENT OF THE FACTS AND CASE

{¶2}   Charles Loudermilk ("Loudermilk") purchased the real property known as 4105 Lancaster–Chillicothe Road S.W., Lancaster, Ohio, in 1968. When he purchased the property, it consisted of 184 total acres. Loudermilk sold 80.5 acres to third parties in 1999, and conveyed another 14.3 acres to a third party in 2001. In October, 2001, Loudermilk mortgaged the remaining 89 acres to Washtenaw Mortgage ("Washtenaw"). He refinanced one year later with a mortgage to CIT Consumer Finance ("CIT Consumer").  With the funds from the CIT Consumer refinance, he paid off the Washtenaw mortgage. In December of 2004, Loudermilk had a survey performed to split off ten acres from the 89 acre parcel. The ten acre parcel ("the Parcel") included the land on which Loudermilk's three-bedroom home was located. In January of 2005, Loudermilk refinanced with First Magnus Financial ("First Magnus"), securing the Parcel. Funds received from the First Magnus mortgage went to pay the CIT Consumer mortgage, taxes, credit card bills, and the costs of surveying the property. The description of the Parcel was prepared by a surveyor hired by Vantage Land Title, the title agency closing both the 2005 and 2006 transactions.

**{¶3}** Loudermilk again refinanced in May, 2006, executing a note in favor of LoanCity in the amount of $171,000. Loudermilk secured the note with a mortgage to Mortgage Electronic Registration Systems ("MERS") as nominee for LoanCity. LoanCity subsequently endorsed the note in blank and transferred it to Residential Funding Corporation ("Residential Funding"). Residential Funding then endorsed the note in blank and transferred it to JPMorgan Chase Bank, N.A. ("JPMorgan Chase") as Trustee for RAMP 2006RS5. Attached to the note is an allonge endorsing the note from JPMorgan Chase as Trustee for RAMP 2006RS5 to The Bank of New York Mellon Trust Co. ("the Bank") as successor to JPMorgan Chase as Trustee for RAMP 2006RS5. At the time of the refinance, the lender appraised the Parcel. Loudermilk used the funds from the refinancing to pay off the 2005 mortgage and unsecured debt. The mortgage contained no legal description, but included the 4105 Lancaster–Chillicothe Road S.W., Lancaster, Ohio street address and the auditor's permanent parcel number. The mortgage was not recorded. At the closing, Loudermilk executed a quit-claim deed to split the Parcel from the remainder of the 89 acres. While the lot split was approved by the Fairfield County Engineer, the split was not concluded because the deed process was not finished.

**{¶4}** Subsequent to the execution of the 2006 mortgage, Loudermilk conveyed 22 acres to a third party, leaving a balance of approximately 67 acres. Loudermilk died intestate on December 22, 2008. On February 13, 2009, Dale Loudermilk was appointed administrator of Charles H. Loudermilk's estate. Dale Loudermilk previously lived in a mobile home on the property, but which was not part of the Parcel. After Loudermilk's death, Dale Loudermilk moved into the house located on the Parcel, which

had been mortgaged in 2005. Dale Loudermilk testified he had not paid the mortgage, real estate taxes, rent, or insurance on the property since moving into the house in 2009.

{¶5} Appellants defaulted under the terms of the note and mortgage and the Bank accelerated the debt. On January 27, 2010, the Bank filed a Complaint for Foreclosure against Loudermilk and Unknown Spouse of Charles H. Loudermilk; Thomas Corbin; Dale Loudermilk as heir of the Estate of Charles Loudermilk; Pamela Rupp as heir of the Estate of Charles Loudermilk; and Dale Loudermilk as Administrator of the Estate of Charles Loudermilk. Copies of the note, allonge to note, and mortgage were attached as exhibits to the Complaint.

{¶6} The Bank filed a motion for summary judgment seeking foreclosure of the Parcel. Appellants filed a response and a motion for summary judgment. On May 15, 2012, the trial court entered an order granting the Bank's motion for summary judgment. The trial court instructed the Bank to submit a foreclosure decree. Appellants filed an appeal of the trial court's May 15, 2012 judgment entry. This Court affirmed the trial court's grant of summary judgment in favor of the Bank via Opinion and Entry filed June 3, 2013. *Bank of New York Mellon v. Loudermilk,* 5th Dist. Fairfield No.2012–CA–30, 2013–Ohio–2296, ¶ 43. Appellants filed a motion for reconsideration which this Court denied. The Ohio Supreme Court declined jurisdiction.

{¶7} The Bank filed a Praecipe for Order of Sale on July 2, 2013. The property was appraised. After the appraisement was filed and the sale date set, Appellants moved the trial court to postpone the sale and requested a hearing on the issue of ingress and egress to the Parcel, which issue had come to light on June 26, 2013. The

trial court postponed the sale via entry dated September 6, 2013. On September 23, 2013, Appellants filed a motion for relief from judgment. The trial court vacated the postponement of the sale on September 24, 2013. Via entry dated October 14, 2013, the trial court overruled Appellants' 60(B) motion.

{¶8} It is from the October 14, 2013 judgment entry, Appellants prosecute this appeal, raising the following as alleged errors:

{¶9} "I. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION FOR RELIEF JUDGMENT PURSUANT TO CIVIL RULE 60(B).

{¶10} "II. THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO REIMBURSE THE PLAINTIFF THE COSTS TO RE-ADVERTISE THE SUBJECT PREMISES FOR SALE."

I

{¶11} In the first assignment of error, Appellants maintain the trial court erred in failing to grant the Civ. R. 60(B) motion for relief from judgment.

{¶12} Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

{¶13} To prevail on a motion made pursuant to Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151. Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. *Id.* at paragraph three of the syllabus. Our standard of review of a court's decision as to whether to grant a Civ. R. 60(B) motion is abuse of discretion. *Id.* at 148, 351 N.E.2d 113. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.*

{¶14} For purposes of our review, we shall find, as the trial court did, Appellants' Civ. R. 60(B) motion was timely filed. We now must determine whether Appellants established a meritorious defense

{¶15} Appellants submit the decree of foreclosure must be vacated as the result of the Ohio Department of Transportation "plac[ing] a condition upon its approval of the

subdivision."[1]    Appellants contend, although ODOT permitted the subdivision, such approval was "only upon condition that access to the remaining acreage be through the said ten acre tract." Defendant's Motion for Relief from Judgment.  We disagree.

{¶16} We do not find ODOT's statement, "No new points of access shall be given for this or future lot split" to be a condition for ODOT's approval of the subdivision. ODOT expressly approved the split, but noted it would not allow any new points of access.   Even if ODOT's statement is a condition of approval, we do not find such requires vacation of the foreclosure decree. The fact the remainder of the Loudermilk property is left without access and the sale of the Parcel makes no provision for ingress and egress does not invalidate the mortgage or the Bank's rights thereunder. Appellants have adequate remedies at law should access become an issue following the sale of the Parcel.

{¶17}  Appellants' first assignment of error is overruled.

II

{¶18}  In the second assignment of error, Appellants contend the trial court erred in ordering them to reimburse the Bank the costs to re-advertise the subject premises for sale.

---

[1] The splitting of the Parcel from the remaining acreage is considered a "subdivision" within the meaning of the Fairfield County Subdivision Regulations. Therefore, the Bank needed approval from the Regional Planning Commission in order to complete the process.  The Regional Planning Commission was required to submit the proposed subdivision to the Ohio Department of Transportation because the subject property fronts a state highway.   ODOT stated it had "no issues with lot split", but noted, "however, both the split (10 acres) and the remainder (57.55 acres) utilize existing point of access as a shared point of access for both parcels."  ODOT then indicated, "No new points of access shall be given for this or future lot splits."  See, Exhibit "A", Appellant's Motion to Postpone Sale".

**{¶19}** Civ.R. 54(D) permits a trial court to award a prevailing party the costs of litigating that party's claim, and provides:

> Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.

**{¶20}** This rule gives the trial court broad discretion to assess costs, and the court's ruling will not be reversed absent an abuse of that discretion. *Vance v. Roedersheimer,* 64 Ohio St.3d 552, 597 N.E.2d 153 (1992).

**{¶21}** Upon review of the record, we cannot say the trial court abused its discretion in ordering Appellants to pay costs associated with re-advertising the subject property for sale

**{¶22}** Appellants' second assignment of error is overruled.

**{¶23}** The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur