OPINION
{¶ 1} Defendant-appellant, William Ryan, Jr., appeals from a Belmont County Common Pleas Court judgment overruling his motion to modify a parenting schedule and ordering him to pay court costs as a sanction for filing a retaliatory contempt motion.
 {¶ 2} Appellant and plaintiff-appellee, Marjorie Ryan, were married on December 29, 1994, and one child, Brendan (d.o.b. 7/29/99), was born as issue of the marriage. The parties were divorced on March 22, 2005.
 {¶ 3} Per the parties' divorce decree, they are to have shared parenting of their son. The shared parenting schedule, as set out in the divorce decree, provides appellant's parenting time as follows: alternating weekends from Friday at 3:00 p.m. until Sunday at 6:00 p.m. and every week from 6:00 p.m. on Monday until 6:00 p.m. on Wednesday.
 {¶ 4} Appellant asserts in his brief, however, that the parties agreed to a change in his parenting time. Per the agreed change, on appellant's alternating weekends, appellant's parenting time begins on Friday as set out in the shared parenting plan and continues until Wednesday at 6:00 p.m. Therefore, Brendan remains with appellant for one extra overnight on alternating Sundays. Appellant states that the parties operated under this schedule from the time of the divorce in 2005, through 2006, and into 2007.
 {¶ 5} On June 15, 2007, appellee filed a motion to hold appellant in contempt for his alleged failure to comply with the terms of the shared parenting plan regarding vacations. On August 3, appellant filed a motion to modify the parenting schedule to reflect the agreement that the parties had been operating under giving him an extra overnight with his son on alternating weekends. He also requested that the court find appellee in contempt for failing to make sure that Brendan attended his extracurricular activities as set out in the shared parenting plan and for failing to use Brendan's prescribed orthotics in his shoes.
 {¶ 6} According to appellant, just prior to the magistrate's hearing, appellee notified him that she no longer agreed to his extra overnight and would, from this *Page 2 
point on, strictly operate by the parenting time set out in the shared parenting plan.
 {¶ 7} A magistrate held a hearing on the parties' motions. The magistrate found that neither party was in contempt of the court's previous orders. The magistrate also found that appellant filed the contempt motion against appellee in retaliation for appellee filing a contempt motion against appellant. The magistrate further found that appellant failed to prove that it was in Brendan's best interest for the court to modify the shared parenting schedule to give him an extra Sunday overnight on alternating weekends. Because the magistrate found that appellant's contempt motion had no merit and was purely retaliatory, he determined that appellant should be responsible for all court costs.
 {¶ 8} Appellant subsequently filed objections to the magistrate's decision arguing that the magistrate had no factual support for several findings and that he did show the magistrate that it was in Brendan's best interest to modify the shared parenting plan. Appellant also took issue with the magistrate's determination that he should pay all of the court costs.
 {¶ 9} The trial court overruled appellant's objections, adopted the magistrate's decision, and entered judgment accordingly.
 {¶ 10} Appellant filed a timely notice of appeal on November 21, 2007.
 {¶ 11} Appellee has failed to file a brief in this matter. Therefore, this court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App. R. 18(C).
 {¶ 12} Appellant raises a single assignment of error, which states:
 {¶ 13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ADOPTED THE MAGISTRATE'S RECOMMENDED DECISION TO OVERRULE DEFENDANT-APPELLANT'S MOTION TO MODIFY PARENTING SCHEDULE AND FOR CONTEMPT AND SANCTIONED THE DEFENDANT-APPELLANT FOR ALL COURT COSTS."
 {¶ 14} Appellant's argument here is broken into two parts. *Page 3 
 {¶ 15} First, appellant argues that the trial court should have granted his request to modify the shared parenting plan to match the agreement the parties had operated under giving him an extra overnight on alternating weekends. He contends that such a modification is in Brendan's best interest. For support, appellant points out that Brendan was accustomed to this schedule and both he and appellee believed this schedule was in Brendan's best interest for over two years. Additionally, appellant notes that under the terms of the shared parenting plan on appellant's weekends, appellee would pick Brendan up at 6:00 p.m. on Sunday evening only to take him to school on Monday morning and then appellant would pick Brendan up from school and keep him until Wednesday. Appellant argues that this is disruptive to Brendan's schedule.
 {¶ 16} This court reviews a trial court's judgment regarding the modification of a shared parenting plan for an abuse of discretion.Dobran v. Dobran, 7th Dist. No. 02-CA-14, 2003-Ohio-1605, at ¶ 14. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} This court has stated that the trial court or either parent may invoke the provisions of R.C. 3109.04(E)(2) whenever the best interest of the child requires a modification or termination of the agreement.Myers v. Myers, 153 Ohio App.3d 243, 792 N.E.2d 770, 2003-Ohio-3552, at ¶ 40. R.C. 3109.04(E)(2)(b) specifically provides:
 {¶ 18} "The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children." *Page 4 
 {¶ 19} Thus, under this section, the trial court could have modified the shared parenting plan if it found that it was in Brendan's best interest to do so. In determining a child's best interest, the court is to consider:
 {¶ 20} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 21} "(b) If the court has interviewed the child in chambers * * * the wishes and concerns of the child, as expressed to the court;
 {¶ 22} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 23} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 24} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 25} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 26} "(g) Whether either parent has failed to make all child support payments, * * *;
 {¶ 27} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving [a child being abused or neglected, domestic violence, a sexually oriented offense with a family member, or physical harm to a family member] * * *;
 {¶ 28} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 29} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 30} The trial court found that appellant did not prove that it was in Brendan's best interest to modify the shared parenting plan as appellant requested. It found that until recently appellee has allowed appellant an extra overnight of parenting time on his alternating Sundays. The court reasoned that if it were to grant appellant's request giving him the extra overnight, it would have a "chilling effect" on *Page 5 
parents seeking to be flexible and cooperative regarding agreements in shared parenting plans. This chilling effect, the court found, would not be in the best interest of children covered by shared parenting plans and would limit the possibility of parents ever agreeing on their own to a deviation of parenting time.
 {¶ 31} The trial court did not abuse its discretion in reaching this conclusion. Appellant's only testimony on the subject was that appellee had agreed to the change for some time and that the parties had been operating under this modified agreement until recently when appellee decided she no longer wished to abide by the agreement. (Tr. 26-31, 39-44) Appellee's testimony corroborated these statements. (Tr. 67-69).
 {¶ 32} Furthermore, most of the best interest factors were not applicable here. The only factor to which the parties presented direct evidence was the parents' wishes. Appellant wished to have an extra overnight with Brendan while appellee wished that the court not grant this request.
 {¶ 33} Additionally, the trial court stated a sound reason for its decision. Appellee had agreed to give appellant some extra parenting time. If the court subsequently ordered appellant to have this extra parenting time, based solely on the fact that the parties had operated under this agreement for a period of time, it would discourage appellee, and others parents subject to shared parenting plans, from ever making agreements between themselves and working together to accommodate one another.
 {¶ 34} For these reasons, we cannot conclude that the trial court abused its discretion in denying appellant's motion to modify the shared parenting plan.
 {¶ 35} Second, appellant argues that the trial court should not have ordered him to pay all of the court costs. He contends that in light of the fact that both he and appellee were unsuccessful in their contempt motions, the finding that he filed his motion in retaliation for appellee filing her motion was an abuse of discretion. Thus, appellant asserts that each party should be responsible for their own court costs. He points out that on two occasions the magistrate raised questions about the issues in *Page 6 
his contempt motion. (Tr. 36-38, 66). Appellant argues this demonstrates that the magistrate believed there might be some merit to his claims. Furthermore, appellant argues that the shared parenting plan was not clear as to whether extracurricular activities trumped vacations or vice versa. Thus, he asserts that his contempt motion was an attempt to obtain a decision from the court on this issue. Finally, appellant asserts that while there is no court order that addresses Brendan's orthotic shoe inserts, it was not unreasonable for him to consider them necessary clothing that appellee was required to exchange with him.
 {¶ 36} The trial court's decision whether to award court costs is reviewed for abuse of discretion. Broadnax v. Bowling, 1st Dist. No. C-030502, 2004-Ohio-1114, at ¶ 18.
 {¶ 37} "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).
 {¶ 38} Here the trial court ordered appellant to pay all court costs because it determined that appellant filed his motion to hold appellee in contempt in retaliation for appellee filing a contempt motion against him. Thus, the court considered appellant's conduct in filing the contempt motion.
 {¶ 39} Appellant requested that the court find appellee in contempt for two reasons.
 {¶ 40} First, he asserted that appellee was in contempt of the divorce decree because she failed to continue Brendan's extracurricular activity by taking him on vacation during his baseball all-star tournament, which caused him to miss two games. The court found however, that appellee had made plans for her vacation with Brendan before he knew of the all-star tournament and that she properly gave *Page 7 
appellant the requisite 30-day notice of the vacation. The court found that appellee's properly planned and noticed vacation clearly trumped any non-school extracurricular activity that arose at the last minute.
 {¶ 41} Second, appellant asserted that appellee was in contempt of the divorce decree because he claimed that she failed to have Brendan use prescribed orthotic shoe inserts and failed to give the inserts to him when Brendan was in his care. The court noted that there was no testimony that appellant ever asked appellee for the inserts. It further found that there was no court order requiring the parties to exchange the inserts.
 {¶ 42} In conclusion, the court found: "[T]he Court is disturbed by William seeking to find Marjorie in contempt when his contempt allegations really have NO color of any merit and are purely retaliatory." Thus, the court ordered appellant to pay all court costs.
 {¶ 43} The evidence at the hearing supports the court's findings.
 {¶ 44} Appellant testified that Brendan missed two all-star baseball games in July because he was on vacation with appellee. (Tr. 23-24). The parties' divorce decree states that Brendan is to continue with his extracurricular activities uninterrupted. (Tr. 24). However, appellant also stated that appellee gave him notice of her vacation with Brendan at least 30 days in advance as is required by the divorce decree. (Tr. 33). He further stated that Brendan did not get picked for the all-star team until after appellee had made her vacation plans and informed him of such. (Tr. 33-34).
 {¶ 45} Additionally, appellant testified that Brendan wears prescribed orthotic inserts in his shoes. (Tr. 24-25). He stated that he did not see the inserts in Brendan's shoes from June 20 until mid-July. (Tr. 25). Appellee testified that for two of the weeks appellant asserted that he did not see the inserts, she and Brendan were on vacation. (Tr. 65). She also stated Brendan did not wear the inserts during his baseball games because they made his cleats too tight. (Tr. 66). There is no order in the divorce decree regarding these orthotic inserts. *Page 8 
 {¶ 46} The trial court was free to consider appellant's reasons for filing the contempt motion in determining whether to order him to pay all court costs. The court's determination that appellant's motion was simply in retaliation for appellee filing a contempt motion has evidentiary support. For instance, appellant wanted appellee held in contempt for not putting the orthotic inserts into Brendan's shoes or giving the inserts to appellant. But there is no court order requiring her to do so. And when we consider that two of the four weeks appellant complains about appellee and Brendan were on vacation, that only leaves two weeks that appellee allegedly did not provide appellant with the inserts. Furthermore, as to the two missed all-star games, appellee had given appellant at least 30 days notice, per the terms of the divorce decree, of her vacation with Brendan well in advance of the time Brendan was selected for the all-star team. It would be unreasonable for her to change her previously scheduled vacation because Brendan was picked for the all-star team a few weeks before he was scheduled to leave with appellee. Thus, the trial court's decision ordering appellant to pay court costs was not unreasonable, arbitrary, or unconscionable.
 {¶ 47} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 48} For the reasons stated above, the trial court's judgment is hereby affirmed.
 Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1