WILSON, Appellee and Cross–Appellant,

v.

KENTON SURGICAL CORPORATION, Appellant and Cross–Appellee, et al.

[Cite as *Wilson v. Kenton Surgical Corp.* (2001), 141 Ohio App.3d 702.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–2000–06.

Decided March 8, 2001.

*Robert M. Lancione,* for appellee and cross-appellant.

*Patrick F. Smith,* for appellant and cross-appellee.

HADLEY, Judge.

The defendant-appellant, Kenton Surgical Corporation, appeals the decision of the Hardin County Court of Common Pleas to deny the appellant's motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial. The plaintiff-appellee, Bessie Wilson, also appeals certain evidentiary rulings made by the trial court and the denial of costs related to the videotaped depositions. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.

The pertinent facts and procedural history in this matter are as follows. This case is a medical malpractice case. In May 23, 1996, the appellee suffered a

fractured arm when she fell at her home. She went to the Hardin Memorial Hospital and was treated in the emergency room by Dr. Jon Anderson, an employee of the Kenton Surgical Corporation. It was determined that the appellee's arm was too swollen to put in a cast, so she was admitted to the hospital where she stayed overnight. The next day, Dr. Anderson put her arm in a cast. The cast remained on for six weeks. The appellee continued to see Dr. Anderson and was routinely told that her arm was healing fine.

As the appellee, after several months, was still experiencing a great deal of pain, physical deformity, and had yet to regain full mobility of her arm, she sought a second opinion at the advice of her physical therapist. The appellee saw Dr. Carr Dean Razzano in September 1996. Dr. Razzano examined the appellee and reviewed the x-rays that were taken throughout her course of treatment with Dr. Anderson and diagnosed the appellee as having a "malpositioned un-united fracture of her elbow, which in lay terms means that it was crooked and that it had not healed." Dr. Razzano reviewed x-rays taken of the appellee's arm on May 23, the day of the injury, and x-rays taken the next day, May 24, after the arm had been casted. Dr. Razzano's opinion was that while the bones appeared to be lined up properly on May 23, after the cast was put on, the bones had shifted and were now malpositioned approximately one inch. Dr. Razzano also reviewed x-rays taken on May 30 and determined that the bones were still malpositioned and had even slipped a little further.

On January 20, 1998, the appellee filed a complaint in the Hardin County Court of Common Pleas alleging that she had received medical treatment from Dr. Anderson that fell below the requisite skill, care, and diligence required and as a direct and proximate result thereof sustained injury permanent in nature and disabling in character. The case was tried before a jury on January 18–21, 2000. At the conclusion of the plaintiff's (appellee's) case, the defendant (appellant) moved for a directed verdict on the grounds that the plaintiff had failed to present any expert medical testimony on the issue of proximate cause. The trial court overruled the defendant's motion, and the trial continued.

On January 21, 2000, the jury returned a verdict for the appellee in the amount of $130,005.10. On February 4, 2000, the appellant filed a motion for judgment notwithstanding the verdict and/or motion for new trial again based on the contention that the appellee had failed to produce expert testimony on the issue of proximate cause. The trial court overruled the appellant's motion on May 1, 2000. It is from this judgment that the appellant now appeals, asserting two assignments of error. The appellee also appeals certain evidentiary rulings made by the trial court in the course of the trial and the court's refusal to tax as costs certain expenses pertaining to the videotaped depositions.

Appellant's First Assignment of Error

"The trial court erred by overruling the motion for directed verdict when the plaintiff failed to produce expert testimony to establish that the alleged negligence of the defendant was a proximate cause of the injury."

The appellant contends that it was entitled to a directed verdict at the conclusion of the plaintiff's case, as the plaintiff failed to establish, through expert testimony, that Dr. Anderson's negligence was the proximate cause of her injury. For the following reasons, we disagree.

A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to that party. Civ.R. 50(A)(4); *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 1 OBR 213, 438 N.E.2d 890; *The Limited Stores, Inc. v. Pan Am. World Airways, Inc.* (1992), 65 Ohio St.3d 66, 600 N.E.2d 1027. A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of the claim. *Cooper v. Grace Baptist Church* (1992), 81 Ohio App.3d 728, 612 N.E.2d 357. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. *Hargrove v. Tanner* (1990), 66 Ohio App.3d 693, 586 N.E.2d 141. A court of appeals reviews the trial court's ruling on a motion for directed verdict *de novo*. *McConnell v. Hunt Sports Ent.* (1999), 132 Ohio App.3d 657, 725 N.E.2d 1193.

The appellant maintains that it was entitled to a directed verdict because of the appellee's failure to produce medical expert testimony to establish that the alleged negligence was the proximate cause of her injury. In order to maintain a cause of action in medical malpractice, three elements must be proven. The plaintiff must establish the applicable standard of care, usually through expert testimony; show a negligent failure on the part of the defendant to render treatment in conformity with the standard of care; and demonstrate that the resulting injury was proximately caused by defendant's negligence. *Starkey v. St. Rita's Med. Ctr.* (1997), 117 Ohio App.3d 164, 690 N.E.2d 57; *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673. This appeal focuses on the third element: the establishment of proximate cause.

The general rule, in medical malpractice cases, is that the plaintiff must prove causation through medical expert testimony in terms of probability to establish that the injury was, more likely than not, caused by the defendant's negligence. *Roberts v. Ohio Permanente Med. Group, Inc.* (1996), 76 Ohio St.3d 483, 668 N.E.2d 480. Thus, to establish proximate cause, the appellee needed to

introduce evidence that it was a probability that the alleged negligence of Dr. Anderson was the cause of her injury.

The appellee established proximate cause through the testimony of Dr. Stephen Irmie. Dr. Irmie testified that Dr. Anderson failed to meet the appropriate standard of care in treating this particular injury and that as a result the appellee has limited motion and weakness of her elbow and is probably more susceptible to further injury, such as a fracture. Dr. Irmie further testified that had the appellee's fracture been treated properly it would have likely healed in an acceptable anatomic position. Thus, it cannot be said that the appellee failed to produce expert testimony at trial in support of her assertion that Dr. Anderson's negligence was the proximate cause of her injury.

Accordingly, the trial court correctly denied the appellant's motion for directed verdict. The appellant's first assignment of error is overruled.

### Appellant's Second Assignment of Error

"The trial court erred by denying the motion for judgment notwithstanding the verdict and/or the motion for a new trial, when the plaintiff failed to produce expert testimony to establish that the alleged negligence of the defendant was a proximate cause of the injury."

The appellant maintains that it was entitled to a motion for judgment notwithstanding the verdict and/or a motion for a new trial on the same basis asserted in support of the motion for directed verdict. The standard of review for a ruling on a motion for judgment notwithstanding the verdict is the same one applicable to a motion for directed verdict. *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 74 O.O.2d 427, 344 N.E.2d 334; *Bruggeman v. Fishbaugh* (1994), 96 Ohio App.3d 200, 644 N.E.2d 1051. Therefore, the rationale behind our disposition of the first assignment of error applies equally to the second. Accordingly, the appellant's second assignment of error is overruled.

### Appellee/Cross–Appellant's First Assignment of Error

"When plaintiff presents competent medical evidence of a permanent injury, the trial court commits reversible error when it refuses to charge the jury on plaintiff's life expectancy."

### Appellee/Cross–Appellant's Second Assignment of Error

"The trial court commits prejudicial error when it permits defendant's expert witness to refer to the contents of a learned treatise during direct examination."

The appellee's first two assignments of error concern evidentiary rulings made by the trial court during the course of the trial. As this court has overruled the appellant's assignments of error, the appellee's first and second assignments are

rendered moot. Furthermore, the appellee specifically stated in her brief that she wished for these issues to be decided only if this court deemed the appellant's appeal well taken.

Accordingly, the appellee's first and second assignments of error are overruled.

### Appellee/Cross–Appellant's Third Assignment of Error

"The trial court committed error when it refused to tax as costs certain costs related to the presentation of video testimony to the jury."

The appellee contends that the trial court erred in failing to award her costs related to the presentation of videotaped testimony. For the following reasons, we agree.

A trial court is authorized to award costs under Civ.R. 54(D), which provides that unless provided by a statute or by the Civil Rules, costs are to be awarded to the prevailing party unless the court decides otherwise. The assessment of costs is a matter within the discretion of the trial court, and, absent an abuse of discretion, the trial court's decision must be upheld. *Keaton v. Pike Community Hosp.* (1997), 124 Ohio App.3d 153, 705 N.E.2d 734, citing *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153.

Sup.R. 13(D)(2) provides the following concerning the costs of videotape depositions:

"The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54."

The trial court specifically held that "the law does not require the allowance of the expense of taking videotaping and transcribing depositions for use or used at trial." While the court was correct that the costs of transcribing depositions shall be borne by the party requesting such copy, see Sup.R. 13(A)(6), the court's statement concerning the expense of taking videotape depositions is clearly erroneous and contrary to law. Sup.R. 13(D)(2). *Werner v. McAbier* (Jan. 13, 2000), Cuyahoga App. Nos. 75197 and 75233, unreported, 2000 WL 23108; *Pollock v. Castle* (Dec. 17, 1998) Cuyahoga App. No. 74516, unreported, 1998 WL 895270. Therefore, the appellee was entitled to recover the costs of recording the depositions of Drs. Irmie and Razzano.

The appellee's third assignment of error is well taken. Accordingly, the trial court's denial of the motion to tax additional costs is reversed in part and additional costs are hereby awarded to the appellee in the amount of $525: $255

for the taking of Dr. Razzano's videotape deposition and $270 for the taking of Dr. Irmie's videotape deposition.

The judgment of the trial court is affirmed in all other respects.

*Judgment affirmed in part*
*and reversed in part.*

WALTERS, P.J., and THOMAS F. BRYANT, J., concur.