OPINION
{¶ 1} Appellants Dale Falther, et al., ("Appellants") appeal the decision of the Fairfield County Court of Common Pleas that denied their motion to determine and tax costs. Appellee/Cross-Appellant Wonderlun Toney ("Appellee") and Appellee/Cross-Appellant Teresa Seaman ("Appellee") filed cross-appeals challenging the trial court's finding that they were not "prevailing parties" for purposes of allocating costs associated with the trial of this matter. The following facts give rise to this appeal.
 {¶ 2} Appellant Dale Falther sustained injuries in two separate automobile accidents. As a result of the injuries he sustained in these accidents, on August 4, 2003, appellants filed suit against the alleged tortfeasors, Appellee Toney and Appellee Seaman. Appellants Bethane, Zachery and Tyler Falthers' claims were for loss of consortium. This matter proceeded to trial on November 16, 2004. Following deliberations, the jury found in favor of Appellant Dale Falther and against Appellee Toney for $23,143.48 and in favor of Appellant Dale Falther and against Appellee Seaman for $24,297.40. The jury denied Bethane, Zachery and Tyler Falthers' claims for loss of consortium.
 {¶ 3} Thereafter, on December 7, 2004, the trial court issued an order requiring Appellees Toney and Seaman to pay the above-mentioned amounts awarded by the jury and to divide and pay the costs of the action equally. On this same day, Appellee Seaman filed a motion, with the trial court, stating that because appellants received a jury verdict less than the settlement amount offered, prior to trial, Appellant Falther was not the prevailing party and therefore, was not entitled to receive court costs from her.
 {¶ 4} On December 20, 2004, appellants filed a motion to determine and tax costs against the defendants [appellees] and memorandum contra Appellee Seaman's motion to have costs assessed against Plaintiff [Appellant Falther]. Appellants' motion requested that appellees pay all filing fees, witness fees, jury fee costs, subpoena costs and such other costs as contained in the clerk's cost bill for the case.
 {¶ 5} Appellants further specifically requested that appellees pay the costs associated with the taking and use of seven video depositions of various doctors and the costs of the written transcripts of these depositions, which the trial court used, at trial, to rule on the various objections to the depositions. The total cost of the recording and presenting of this video testimony was $5,705.23.
 {¶ 6} On February 17, 2005, the trial court issued a final judgment entry ordering appellees to each pay one-half of the ordinary court costs related to appellants' claims. However, the costs of the case were not to include any costs relating to recording, preparing or playing of deposition testimony.
 {¶ 7} Appellants timely filed a notice of appeal. Appellees Toney and Seaman filed notices of cross-appeal. The parties set forth the following assignments of error for our consideration:
 Direct Appeal {¶ 8} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF WHEN IT RULED THAT PLAINTIFF WAS NOT ENTITLED TO ANY COSTS ASSOCIATED WITH THE TAKING, USING, PRESENTING AND PLAYING OF VIDEO TRIAL TESTIMONY, CONTRARY TO THE EXPRESS WORDING OF SUP.R. 13(D)(2) AND CIVIL RULE 54(D)."
 Cross-Appeal[1] {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT DEFENDANT TONEY WAS THE PREVAILING PARTY AS TO THREE OF THE FOUR PLAINTIFFS, WHO LOST AT TRIAL, AND ORDERED COSTS BE PAID BY DEFENDANT TONEY RELATING TO THOSE THREE CLAIMS.
 {¶ 10} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT DEFENDANT TONEY WAS THE PREVAILING PARTY AS TO PLAINTIFF DALE FALTHER, WHERE DALE FALTHER RECEIVED A SUBSTANTIALLY SMALL JURY VERDICT THAN THAT WHICH WAS OFFERED TO HIM IN SETTLEMENT BEFORE TRIAL, AND ORDERED COSTS TO BE PAID BY DEFENDANT TONEY RELATING TO DALE FALTHER'S CLAIMS."
 I {¶ 11} In their sole assignment of error, appellants contend the trial court erred when it refused to order the costs associated with the recording and playing of video trial testimony charged to appellees as costs. We disagree.
 {¶ 12} The applicable standard of review for an appeal concerning the award of costs is abuse of discretion. In Wilson v. Kenton SurgicalCorp. (2001), 141 Ohio App.3d 702, the Third District Court of Appeals stated that "[t]he assessment of costs is a matter within the discretion of the trial court, and, absent an abuse of discretion, the trial court's decision must be upheld." Id. at 707. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellants' sole assignment of error.
 {¶ 13} Appellants claim they are entitled to the costs associated with the video trial testimony under Civ.R. 54(D) and Sup.R. 13(D)(2). These rules provide as follows:
 {¶ 14} Civ.R. 54(D):
 {¶ 15} "(D) Costs
 {¶ 16} "Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 17} Sup.R. 13(D)(2):
 {¶ 18} "(D) Costs; Videotape Depositions
 " * * * {¶ 19} "(2) The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54."
 {¶ 20} Appellant Falther argues that he suffered multiple injuries, from two separate accidents, caused by two separate defendants, and the testimony provided on the videotapes was essential to the prosecution of his case. Thus, appellants conclude that the use of video trial testimony was not frivolous or unnecessary to the presentation of their case at trial. Under the above two rules, appellants claim they were entitled to have the expense of the video trial testimony charged as costs. In support of this argument, appellants cite the case of Barrett v. SingerCo., (1979), 60 Ohio St.2d 7, 9, which states that the expense of videotape depositions may be included in costs if the depositions are used at trial.
 {¶ 21} We find that read in conjunction, Civ.R. 54(D) and Sup.R. 13(D)(2) provide that a court may award costs of recording and presenting expert testimony if it deems they are reasonable. The Ohio Supreme Court held in State, ex rel. Gravill v. Fuerst (1986), 24 Ohio St.3d 12, that Civ.R. 54(D) "* * * is not a grant of absolute right for court costs to be allowed to the prevailing party." Id. at 13. The Court again reached the same conclusion in Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, wherein the Court stated that "[o]ur interpretation of Civ.R. 54(D) is that the phrase `unless the Court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs." Id. at 555.
 {¶ 22} Further, Sup.R. 13(D)(2) provides that only the reasonable expenses of recording and presenting videotaped testimony should be taxed as costs. The record supports the conclusion that the costs associated with the videotaped testimony were not reasonable. The testimony was redundant. Also, appellants could have used the trial court's video playback equipment, yet chose to use a big screen projection system at a cost of $2,269.95.
 {¶ 23} Accordingly, we find the trial court acted within its discretion when it determined what costs to award appellants. The trial court judge was well-informed as to the facts of the case, the circumstances surrounding the trial and the reasonableness of appellants' costs. Because the trial court was in the best position to make an award of costs as it was privy to all of the trial proceedings, we do not find the trial court abused its discretion when it determined that appellants were not entitled to any costs associated with the taking, using, presenting or playing of videotaped trial testimony.
 {¶ 24} Appellants' sole assignment of error is overruled.
 Cross-Appeal I, II {¶ 25} Appellee Toney sets forth two assignments of error, in his cross-appeal, which we will address simultaneously. In his First Assignment of Error, Appellee Toney contends he was the prevailing party, at trial, as to Bethane, Zachery and Tyler Falther's claims as the jury found in his favor on their claims for loss of consortium. Appellee Toney also claims he was the prevailing party as to Appellant Dale Falther's claims because the jury awarded him less than what he was offered, prior to trial, to settle this matter. Thus, as the prevailing party, Appellee Toney maintains the trial court erred when it ordered him to pay costs in this matter. We disagree.
 {¶ 26} Appellee Toney is correct in stating that he is the prevailing party as to the loss of consortium claims. Further, in support of his argument that he is also the prevailing party as to Appellant Dale Falther's claims, Appellee Toney cites the Ohio Supreme Court's decision in Vance v. Roedersheimer, 64 Ohio St.3d 552, 1992-Ohio-24, wherein the Court stated in addressing the issue of costs:
 {¶ 27} "The trial in this case, although de novo, is an appeal from an arbitration award. A party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed." Id. at 555.
 {¶ 28} The United States Supreme Court has defined a "prevailing party" as one who has been awarded at least some relief on the merits of his claims. Buckhannon Bd. Care Home, Inc. v. West Virginia Dept. ofHealth Human Resources, (2001), 532 U.S. 598, 603-604, quoting Hewittv. Helms (1987), 482 U.S. 755. In the case sub judice, Appellant Falther received some relief when the jury awarded him compensation, against Appellee Toney, in the amount of $23,143.48. Although it was less relief than what was offered to him during settlement negotiations, Appellant Falther still prevailed on his claim. We find this situation differs from that presented, in the Vance case, because Vance involved an arbitration award rather than a settlement offer.
 {¶ 29} Finally, the fact that the jury ultimately rejected the loss of consortium claims filed by appellant's family also does effect the award of costs in this matter. As noted above, the jury awarded "some relief on the merits of his claims," which, under Civ.R. 54(D), permits the trial court to award costs against Appellee Toney on Appellant Falther's behalf. A prevailing party does not have to win on all of his or her claims. As such, we do not find the trial court abused its discretion when it ordered Appellee Toney to pay one-half of the costs in this matter.
 {¶ 30} Appellee Toney's First and Second Assignments of Error on cross-appeal are denied.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to be split equally between Appellant Falther and Appellee Toney.
[1] Although Appellee Seaman filed a notice of cross-appeal on April 8, 2005, she did not address the cross-appeal in her merit brief nor did she file a separate brief addressing her cross-appeal. Therefore, we dismiss Appellee Seaman's cross-appeal for failure to prosecute in accordance with Loc.App.R. 5(C).