DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant, Petrica Moga, appeals the judgment of the Summit County Court of Common Pleas that denied his motions for taxation of costs and prejudgment interest. We reverse.
 {¶ 2} Mr. Moga sustained injuries in an automobile accident involving a vehicle owned by Mr. Matthew Collier but driven by Defendant-Appellee, Jessica Crawford. Mr. Moga sued his own insurance carrier as well as Mr. Collier and Ms. Crawford. On May 21, 2005, the trial court granted summary judgment to Mr. Moga's insurer. Ms. Crawford did not dispute liability, and the matter proceeded to a jury trial on damages. Mr. Moga's claims against Mr. Collier were *Page 2 
dismissed at trial. On July 26, 2007, the jury returned a verdict in favor of Mr. Moga and awarded damages in the amount of $28,500.00.
 {¶ 3} On August 13, 2007, Mr. Moga moved the trial court for prejudgment interest on the award and to tax costs pursuant to Civ.R. 54(D). In support of his motion for prejudgment interest, Mr. Moga noticed the deposition of Ms. Tina Celek, an Allstate Insurance claim representative, and requested the complete claim file related to Mr. Moga's injuries. Allstate, which insured Mr. Collier's vehicle at the time of the accident and was not a party to the underlying case, moved for a protective order. Mr. Moga responded by moving the trial court to compel production of the claim file. On October 22, 2007, the trial court denied Mr. Moga's motions to tax costs, for prejudgment interest, and to compel discovery from Allstate. This appeal followed.
 ASSIGNMENT OF ERROR I
"The trial court erred when it denied [Mr. Moga's] Motion to Tax Costs."
 {¶ 4} In his first assignment of error, Mr. Moga argues that the trial court erred by denying his motion to tax costs because the trial court incorrectly determined that he was not the prevailing party in the action. We agree.
 {¶ 5} Civ.R. 54(D) provides that "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." A trial court has the discretion to order a prevailing party to bear all or part of its own costs, but may *Page 3 
not award costs to a non-prevailing party. Vance v. Roedersheimer
(1992), 64 Ohio St.3d 552, 555. Although the Supreme Court has not defined the term "prevailing party" for purposes of Civ.R. 54(D),Vance and the cases that have followed illustrate its contours.
 {¶ 6} A prevailing party is generally the party "`in whose favor the decision or verdict is rendered and judgment entered.'" Hagemeyer v.Sadowski (1993), 86 Ohio App.3d 563, 566, quoting Yetzer v.Henderson (June 4, 1981), 5th Dist. No. CA-1967. See, also, Falther v.Toney, 5th Dist. No. 05 CA 32, 2005-Ohio-5954, at ¶ 28 (observing by comparison that "[t]he United States Supreme Court has defined a `prevailing party' as one who has been awarded at least some relief on the merits of his claims."). The Eleventh District Court of Appeals has elaborated on this definition:
 "`The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. * * * This may be the party prevailing in interest, and not necessarily the prevailing person. To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who had made a claim against the other, has successfully maintained it.'" (Alternations in original.) Lehto v. Sankey (June 29, 2001), 11th Dist. No. 99-T-0137, at *7, quoting Woodfork v. Jones (Feb. 21, 1997), 2d Dist. No. 15841, at *6.
 {¶ 7} Applying these concepts, courts have determined that a plaintiff who enters into a settlement agreement before judgment is rendered has not prevailed in the action. See, e.g., Hagemeyer,86 Ohio App.3d at 566-67. Following Vance, *Page 4 
several courts have also acknowledged that a plaintiff who obtains an arbitration award that is reduced by the court of common pleas has not prevailed. See, e.g., Vance, 64 Ohio St.3d at 555; Day v. Meijer,Inc. (June 6, 2000), 10th Dist. No. 99AP-984, at *2; Woodfork at *7. On the other hand, a plaintiff who is awarded damages — although in an amount less than a rejected settlement offer — is the prevailing party in the action. See, e.g., Falther at ¶ 28; Lehto at *7-8; Shular v.DaimlerChrysler Corp. (Apr. 12, 2001), 8th Dist. No. 78856, at *1;Bottles v. Rentz (Oct. 31, 1997), 1st Dist. Nos. C-960787, C-960842, at *4; Woodfork at *7.
 {¶ 8} In this case, the trial court determined that Mr. Moga was not the prevailing party in the action. It appears from the record of the hearing on Mr. Moga's motions that the basis for the trial court's decision was the fact that Mr. Moga demanded more for purposes of pretrial settlement than he received through the verdict:
 "I would just say that what troubled me is the fact that the [settlement] demand was [$]50,000, the policy limits, and that there was no movement off that [$]50,000 and there was movement on the side of the defense."
Applying Vance and its progeny, however, it is clear that Mr. Moga was the prevailing party for purposes of Civ.R. 54(D) because he obtained the judgment that he sought against Ms. Crawford and the jury awarded him $28,500 in damages. Mr. Moga's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II *Page 5 "The trial court erred when it denied [Mr. Moga's] Motion for Prejudgment Interest."
 {¶ 9} Mr. Moga's second assignment of error is related to his first: the trial court erred by denying him prejudgment interest based on its determination that he was not the prevailing party in the action. We agree.
 {¶ 10} R.C. 1343.03(C) provides for an award of prejudgment interest to a prevailing party when,
 "upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case[.]"
Mr. Moga was the prevailing party in this action, and he may be awarded prejudgment interest if, after an evidentiary hearing, the trial court determines that the conditions described in R.C. 1343.03(C) are met. See, generally, Pruszynski v. Reeves, 117 Ohio St.3d 92, 2008-Ohio-510. Mr. Moga's second assignment of error is sustained.
 ASSIGNMENT OF ERROR III "The Trial Court erred when it denied [Mr. Moga's] Motion to Compel discovery regarding the Prejudgment Interest proceedings."
 {¶ 11} Mr. Moga's final assignment of error challenges the trial court's ruling on his motion to compel production of Allstate's claim file. The trial court denied the motion to compel based on its finding that he was not the prevailing *Page 6 
party in the underlying action, by implication rendering discovery unnecessary. Mr. Moga's third assignment of error is sustained to the extent that the trial court based its decision solely on the incorrect conclusion that Mr. Moga was not the prevailing party in the action.
 {¶ 12} Mr. Moga's assignments of error are sustained. The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellee.
 CARR, P. J., DICKINSON, J., CONCUR *Page 1