The STRIP DELAWARE, L.L.C., Appellee and Cross–Appellant,

v.

LANDRY'S RESTAURANTS, INC. et al., Appellant and Cross–Appellee.

[Cite as *Strip Delaware, L.L.C. v. Landry's Restaurants, Inc.*, 191 Ohio App.3d 822, 2010-Ohio-6403.]

Court of Appeals of Ohio,
Fifth District, Stark County.

Nos. 2010CA00092, 2010CA00121 and 2010CA00146.

Decided Dec. 27, 2010.

Black McCuskey Souers & Arbaugh and Randolph Snow; and Singerman, Mills, Desberg & Kauntz Co., L.P.A., and Michael R. Stavnicky, for appellee and cross-appellant.

Stark & Knoll Co., L.P.A., Terrence L. Seeberger, and Nada G. Faddoul, for appellant and cross-appellee.

HOFFMAN, Judge.

{¶ 1} Defendant-appellant and cross-appellee Landry's Restaurants, Inc., appeals the April 23, 2010, and May 14, 2010 judgment entries of the Stark County Court of Common Pleas in favor of plaintiff-appellee and cross-appellant The Strip Delaware, L.L.C. On cross-appeal, appellee and cross-appellant The Strip Delaware, L.L.C. appeals the amount of attorney fees awarded in the trial court's April 23, 2010 judgment entry.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} The Strip Delaware, L.L.C. (the "landlord") owns a parcel of commercial real estate known as "The Strip" in Jackson Township, Stark County, Ohio. In 1997, Landry's Seafood House–Ohio, Inc., an Ohio corporation (the "tenant"), entered into a lease agreement with the landlord to operate a "Joe's Crab Shack" restaurant. Landry's Seafood Restaurants, Inc., a Delaware Corporation, (the "guarantor"), executed a guaranty agreement, guaranteeing the full performance of the lease by the tenant. The tenant and the guarantor are collectively hereinafter referred to as "Landry's."

{¶ 3} In 2006, the guarantor sold the majority of its Joe's Crab Shack restaurants, and as a result, closed the restaurant at The Strip on November 17,

2006. The landlord then notified the tenant that it was in default on the lease agreement, which required it to continuously operate at the leased premises. On December 22, 2006, the landlord repossessed the leased premises, changing the locks and posting notices on the doors. All the equipment and furnishings that the tenant had used to operate its restaurant remained on the premises. On December 29, 2006, the landlord terminated the lease with the tenant and requested that the tenant remove its property.

{¶ 4} The tenant disputed the landlord's decision, and on February 1, 2007, the landlord filed a complaint for declaratory judgment. The trial court granted summary judgment, finding that the tenant and the guarantor had violated the terms of the lease agreement, that the agreement was terminated as a result of the default, and that the landlord was entitled to self-help repossession of the leased premises.

{¶ 5} The tenant and the guarantor appealed the matter to this court in *Stark Commons, Ltd. v. Landry's Seafood House Ohio, Inc.*, Stark App. No. 2007–CA00240, 2008 WL 2102353. By a judgment entry of April 14, 2008, this court affirmed the trial court's decision.

{¶ 6} Thereafter, the landlord filed a complaint for money damages. Following a bench trial, the trial court found that the tenant and the guarantor were liable as a holdover tenant from December 22, 2006, through April 14, 2008, at 150 percent of the base rent (the rate provided for in the lease), together with applicable taxes and charges. The court's June 9, 2008 judgment entry states:

{¶ 7} "The Court finds that Plaintiff is entitled to damages by way of rents, attorney fees, taxes, insurance, and shopping center expense pro-ration. * * *

{¶ 8} "Pursuant to the lease judgment of reasonable attorney fees to Plaintiff and against Defendant is granted with the amount to be determined based upon evidence to be presented under this case, Case No. 2007CV00522 and 2007CV00240. Case No. 2007CV0522 and this case are consolidated for the purpose of attorney fees due in the interest of judicial economy."

{¶ 9} The trial court further found that the landlord had not violated its duty to mitigate damages.

{¶ 10} The trial court, by a judgment entry of July 7, 2008, awarded the landlord $209,312.99, plus accrued interest in the amount of $24,744.05, plus any additional accrued interest from the date of the judgment entry. Landry's was ordered to pay all costs and the landlord's attorney fees.

{¶ 11} On July 18 and July 25, 2008, the trial court held hearings on the issue of attorney fees. By a judgment entry of September 12, 2008, the trial court awarded the landlord attorney fees in the amount of $147,632.30.

{¶ 12} By a judgment entry of March 9, 2009, this court determined that the tenant was not a holdover tenant as defined in the lease and by case law and that the trial court had erred in using the holdover clause of the lease as the basis of its computation of damages. This court affirmed the trial court's holding as to all the assignments of error pertaining to the tenant's and guarantor's liability, but remanded the matter to the trial court to recompute damages. See *The Strip Delaware, L.L.C. v. Landry's Restaurants, Inc.*, Stark App. Nos. 2008 CA 00146 and 2008 CA 00160, 2009-Ohio-1106, 2009 WL 638516.

{¶ 13} By a judgment entry of August 3, 2009, this court reversed the trial court's September 12, 2008 judgment entry holding that the landlord was not entitled to attorney fees relative to the original declaratory-judgment action against the tenant. See *Stark Commons Ltd. v. Landry's Seafood House–Ohio, Inc.*, Stark App. No. 2008 CA 00206, 2009-Ohio-3847, 2009 WL 2372143.

{¶ 14} By a judgment entry of April 23, 2010, the trial court found the landlord to be the prevailing party for the purposes of awarding attorney fees and ordered Landry's to pay attorney fees of $133,908.66 plus interest at the rate of 18 percent per the terms of the lease. The landlord had requested attorney fees of $140,735.41, which amount did not include fees related to the original declaratory-judgment action. The trial court reduced the fees requested by dividing the specific fees relating to the March 9, 2009 appeal to this court, in which Landry's was partially successful on the issue of holdover tenancy.

{¶ 15} By a judgment entry of May 14, 2010, the trial court, upon motion of the landlord, ordered payment on the bond relating to the attorney fees.

{¶ 16} Landry's now appeals, assigning as error:

{¶ 17} "I. The trial court erred to the extent it held appellant Landry's Restaurants, Inc. Liable for attorney fees, where neither the lease, to which it is not a party, or the guaranty agreement, authorize attorney fees against this appellant.

{¶ 18} "II. The trial court erred by failing to determine that Strip Delaware was not a 'prevailing' party with respect to the appeal in case No. 2008–CA–00146 and 00160, nor in case No. 2009–CA–00206, before this court.

{¶ 19} "III. The trial court erred by determining that Strip Delaware was a prevailing party with respect to the attorney fee hearing of July 18 and 25, 2008, where as a result of this court's decision in case No. 2008–CA–00206, Strip Delaware was not a prevailing party at that hearing insofar as it sought attorney fees for the declaratory judgment action, and this action should be remanded for a reduction in the attorney fees allowable with respect to that proceeding.

{¶ 20} "IV. The trial court erred where it determined that Strip Delaware is entitled to eighteen percent interest upon unpaid attorney fees, and by failing to hold that interest begins to accrue only from the date of the judgment entry.

{¶ 21} "V. The trial court erred by ordering that Strip Delaware be paid $172,074.81 from appellants' bonding company where the bond that was on file was posted to secure the damage judgment and not a later attorney fee award, and where the damages judgment had been previously paid."

### I, II, and III

{¶ 22} Landry's first three assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶ 23} Section 3.4 of the lease agreement reads,

{¶ 24} *"Section 3.4 Additional Payments.*

{¶ 25} "(a) Except as expressly provided to be paid by Landlord, Tenant shall pay any and all rents and sums of money or charges required to be paid by tenant under this Lease (collectively the "Rent") promptly when the same are due without demand, set off or deduction. Tenant's failure to pay any such amounts or charges when due shall carry with it the same consequences as tenant's failure to pay Rent. All such amounts or charges shall be payable to Landlord at the place where the Minimum Rent is payable."

{¶ 26} Section 14.10 of the lease agreement reads:

{¶ 27} *"Section 14.10 Legal Expenses.* In case suit shall be brought for recovery of possession of the Leased Premises for the recovery of rent or any other amount due under the provisions of this Lease, or because of the breach of any other covenant herein contained on the part of either party to be kept or performed, the losing party shall pay to the prevailing party all actual expenses incurred therefor, including reasonable attorneys' fees and court costs."

{¶ 28} Pursuant to the above provisions, we find that the payment of attorney fees is included under the terms of the lease collectively as rent because rent includes money or charges required to be paid by the tenant under Section 14.10 of the lease.

{¶ 29} The guaranty agreement executed by the guarantor reads:

{¶ 30} "('Guarantor') hereby unconditionally guarantees to the Landlord * * * the full performance and observance of all the covenants, conditions and agreements therein provided to be performed and observed by the Tenant * * *.

{¶ 31} "If, at any time, default shall be made by the Tenant in the performance or observance of any of the terms, covenants or conditions required to be performed or observed by tenant under the Lease, the Guarantor will keep,

perform and observe the same in the place and stead of the Tenant. Guarantor also guarantees the payment to Landlord of any monies payable by Tenant under the provisions of the Lease, or in connection with or arising out of any provision of the Lease, in law or equity, including, without limitation, any warranty, indemnity or covenant of Tenant under this agreement and this Guaranty shall be primary and not as a guarantor, and that in any right of action which shall accrue to the Landlord under, in connection with or arising out of the within Lease, the Landlord may, at its option, proceed against any judgment against the Tenant. The heading of this agreement and the words 'Guaranty' and 'guarantees' shall not be interpreted to limit the aforesaid primary obligation of Guarantor under this Lease."

{¶ 32} As guarantor of the lease agreement, Landry's guarantees the payment of "any monies payable by Tenant under the provisions of the Lease, or in connection with or arising out of the Lease." The lease agreement provides, in an action to recover rent, that the losing party shall pay the prevailing party expenses, including attorney fees. Further, as noted supra, the lease defines "rent" as "any and all sums of money required to be paid by Tenant under the terms of the Lease." The lease requires Landry's to pay attorney fees, if it is not the prevailing party, and such fees are considered collectively as "rent."

{¶ 33} The trial court's April 23, 2010 judgment entry states:

{¶ 34} "Four appeals were initiated by the defendant, three which were related to the case sub judice. However, it appears that the defendant's only level of success on appeal occurred on April 20, 2009 in Case No. 2008CA00206 where the Court of Appeals affirmed the trial court's decision as to liability in the second appeal but remanded to recalculate the damage amount. As a result, the Court finds the only fees in question to be those on the appeal issue that was reversed. This consisted of the fees on November 25 and November 26, 2008 of $1,483.50 and $559.00; December 1, 2008 to December 29, 2008 totaling $8,888.50; and January 8, 2009 through January 31, 2009 of $2,722.50. The cumulative total of fees in question is $13,653.50.

{¶ 35} "The Court is reducing those fees for the appeal by fifty percent due to the Defendant's partial claim of success in the appeal."

{¶ 36} "The decision of whether to award attorney fees rests in the sound discretion of the court and will not be overturned on appeal absent an abuse that of discretion." *Moore v. Moore,* 175 Ohio App.3d 1, 2008-Ohio-255, 884 N.E.2d 1113, ¶ 81.

{¶ 37} A prevailing party is generally the party " 'in whose favor the decision or verdict is rendered and judgment entered.' " *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 566, 621 N.E.2d 707, quoting *Yetzer v. Henderson*

(June 4, 1981), 5th Dist. No. CA–1967, 1981 WL 6293, at *2. See also *Falther v. Toney*, 5th Dist. No. 05 CA 32, 2005-Ohio-5954, 2005 WL 2995161.

{¶ 38} The Eleventh District Court of Appeals has elaborated on this definition:

{¶ 39} The prevailing party is "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. * * * This may be the party prevailing in interest, and not necessarily the prevailing person. To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who had made a claim against the other, has successfully maintained it." *Lehto v. Sankey* (June 29, 2001), 11th Dist. No. 99–T–0137, 2001 WL 735898, at *7, as cited by the Ninth District Court of Appeals in *Moga v. Crawford*, Summit App. No. 23965, 2008-Ohio-2155, 2008 WL 1961216.

{¶ 40} As set forth in the statement of the case above, on March 9, 2009, this court affirmed the trial court's finding as to Landry's liability, but remanded the matter to the trial court on the limited issue of recalculation of damages after finding that Landry's was not a holdover tenant under the terms of the lease. The trial court properly recalculated these damages. The trial court determined that Landry's was a prevailing party in the March 9, 2009 appeal on this limited issue and reduced the amount of the attorney fees specifically relating to the appeal by 50 percent. We find that the trial court acted within its discretion in equitably awarding less than the full amount of attorney fees relating to the March 9, 2009, having found both parties prevailed on an issue assigned as error in the appeal. Accordingly, we do not find that the trial court abused its discretion in determining the amount of the attorney-fee award.

{¶ 41} Landry's first, second, and third assignments of error are overruled.

IV

{¶ 42} Landry's fourth assignment of error argues that the trial court, via judgment entry of March 22, 2010,[1] erred in determining that the landlord is entitled to 18 percent interest upon unpaid attorney fees and in failing to find that the interest accrues from the date of the judgment entry.

{¶ 43} Section 3.4 of the lease agreement governs "Additional Payments" and reads:

---

1. On April 23, 2010, the trial court entered a nunc pro tunc entry correcting the case number under which the March 22, 2010 judgment entry was filed (No. 2009–CV–02483) to read No. 2007–CV–03288.

{¶ 44} "(b) Any payment due from Tenant to Landlord not received by Landlord on the date herein specified to be paid shall bear interest from the date such payment is due to the date of actual payment at the rate of eighteen percent (18%) per annum or the highest lawful rate of interest permitted in the State, whichever rate of interest is lower."

{¶ 45} As discussed in our analysis and disposition of Landry's first three assignments of error, attorney fees fall within the definition of rent as set forth in the lease agreement. Therefore, the trial court did not err in applying the 18 percent interest rate as set forth in the agreement.

{¶ 46} The lease clearly states that the monies shall be paid when due. We conclude that the monies relative to the attorney fees were due on the date of the trial court's original judgment entry granting attorney fees, June 9, 2008, as set forth in the statement of the facts and case above.

{¶ 47} Accordingly, the fourth assignment of error is overruled.

## V

{¶ 48} In the fifth assignment of error, Landry's maintains that the trial court erred in ordering payment of the bond on the attorney-fee award.

{¶ 49} The landlord sought payment on the bond, which had been filed in November of 2008, and the trial court ordered said payment. Throughout the pendency of these proceedings, Landry's has issued a number of bonds relative to the compensatory damages award in the amount of $300,000, and in the amount of $250,000 as to the attorney fees award.

{¶ 50} Upon review of the record, Landry's has not demonstrated error in the trial court's application of the bond to the payment of attorney fees, and the fifth assignment of error is overruled.

## CROSS-APPEAL

{¶ 51} On cross-appeal, Landlord assigns as error:

{¶ 52} "I. The trial court erred in failing to award appellee all attorneys' fees incurred."

{¶ 53} The landlord asserts that the trial court erred in failing to award the entirety of attorney fees incurred. Specifically, the landlord maintains that it was the "prevailing party" under the terms of the lease and therefore is entitled to all attorney fees incurred in the defense of Landry's appeals in this action.

{¶ 54} As set forth in our analysis and disposition of Landry's first three assigned errors, we find that the trial court did not abuse its discretion in determining that the landlord was the prevailing party as to Landry's liability

and in then determining that Landry's succeeded on appeal in garnering a recalculation of damages, following this court's determination that Landry's was not a holdover tenant. We previously found that the trial court did not abuse its discretion in reducing the amount of the award.

{¶ 55} The landlord's assigned error is overruled.

Judgment affirmed.

EDWARDS, P.J., and DELANEY, J., concur.