[Cite as *EAC Properties, L.L.C. v. Brightwell*, 2014-Ohio-2078.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EAC Properties, L.L.C., | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-773 |
| | | (C.P.C. No. 08CV-17284) |
| Robert R. Brightwell, D.O., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 15, 2014

*Murray, Murphy, Moul + Basil, LLP, Brian K. Murphy*, and *Robert H. Miller*, for appellant.

*Innis & Barker Law, LLC*, and *Larry D. Barker*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, EAC Properties, L.L.C. ("EAC"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for attorney's fees filed by defendant-appellee, Robert R. Brightwell, D.O. EAC assigns the following sole assignment of error for our review:

> The trial court erred as a matter of law in awarding attorney's fees to a non-prevailing party contrary to the parties' agreement.

{¶ 2} Because the trial court correctly determined that Brightwell was the prevailing party, and thus entitled to attorney's fees, we affirm.

## I. FACTS & PROCEDURAL HISTORY

{¶ 3} EAC filed a complaint against Brightwell on December 4, 2008. EAC asserted that Brightwell, a tenant in a building owned by EAC, owed EAC $33,045.60 in unpaid rent and $5,226.92 in unpaid fees for utilities, maintenance, insurance, and other related charges. The trial court ultimately determined that EAC had waived its right to the rent payments, but that Brightwell owed EAC $3,703.97 for unpaid utility expenses.

{¶ 4} This is the third appeal arising from the underlying action. *See EAC Properties, LLC v. Brightwell*, 10th Dist. No. 10AP-853, 2011-Ohio-2373; *EAC Properties, LLC v. Brightwell*, 10th Dist. No. 12AP-347, 2012-Ohio-5385 ("*EAC Properties II*"). The instant action concerns the trial court's second ruling on Brightwell's motion for attorney's fees, following this court's reversal of the trial court's first ruling on the motion for attorney's fees in *EAC Properties II*. As we have thoroughly set forth the facts of the action in our prior decision, we adopt the statement of facts presented in *EAC Properties II* which follows:

> This matter arises from a dispute over rent and utility payments due on property owned by EAC and leased by Brightwell. EAC filed a complaint against Brightwell in December 2008, alleging breach of the lease agreement. A magistrate of the trial court held a bench trial. Important for our purposes here, during the trial, counsel for the parties addressed the issue of awarding attorney fees upon a finding of a prevailing party. The parties agreed that they would not submit evidence on fees at the trial, but would submit the fees by affidavit once a prevailing-party determination had been made. The magistrate said: "Great. Then we will not take any evidence on fees. I will not make a decision on fees. I will merely put who is the prevailing party. And, then, hopefully, the parties can work that out without any additional hearing." (Tr. 66.)
>
> Following the trial, in his decision, the magistrate concluded that the parties had modified the terms of the lease, and EAC's conduct waived its ability to recover the back-rental payments it sought from Brightwell. The magistrate also concluded, however, that Brightwell owed EAC $3,703.97 for unpaid utility expenses. Because EAC held Brightwell's security deposit of $3,147.30, the magistrate awarded EAC

$556.67 for the unpaid utilities. The magistrate's decision also stated the following:

Claim for Attorney Fees:
Both parties have asserted that the lease between the parties contained a fee shifting provision awarding attorney fees to the 'prevailing party'. The undersigned finds that both sides have prevailed in part.

EAC objected to the magistrate's findings of fact and conclusions of law, including the magistrate's finding that both parties had prevailed. EAC contended that it "was awarded damages and should be deemed the prevailing party under the terms of the Lease and should be awarded attorney's fees." In response, Brightwell argued that EAC's "point is difficult to understand when clearly the Magistrate provided that [Brightwell] won on the issue of rent and that [EAC] won on the issue of utilities. Therefore, the attorney fees portion of the agreement has been nullified."

The trial court overruled EAC's objections and adopted the magistrate's decision. On the issue of prevailing-party status, the court stated:

The Supplemental Objection regarding prevailing party for the purpose of attorneys' fees fails. The Plaintiff's primary claim for additional rent failed. Plaintiff waived the lease terms which entitled her to additional rent by her conduct in spite of the Lease provision which prohibited waiver. Lease ¶ 24. The Magistrate awarded a small sum for utilities, but deducted that from the security deposit. Dec. at 11. To bring suit and request over $30,000 and be awarded roughly $550 is by any definition a win [sic]. Plaintiff did not prevail, and is not entitled to attorneys fees.

On appeal, this court affirmed. *See EAC Properties v. Brightwell,* 10th Dist. No. 10AP-853, 2011-Ohio-2373. EAC did not raise, and this court did not address, the issue of prevailing-party status or attorney fees. The Supreme Court of Ohio declined jurisdiction to review the decision.

On October 24, 2011, Brightwell submitted to the trial court a motion for reasonable attorney fees and costs. He asked for judgment in the amount of $8,868 pursuant to Section 36 of the Lease Agreement. That section, he argued, provided that, if one of the parties were required to enforce any provision of

the lease agreement, then " 'the prevailing party shall be entitled to its reasonable attorney fees and costs in connection with such action.' "

On November 23, 2011, EAC filed a memorandum in opposition to Brightwell's motion. In it, EAC contended that Brightwell was not entitled to fees and costs because he did not prevail.

On March 20, 2012, the trial court issued a decision and entry granting Brightwell's motion for attorney fees and costs. In it, the trial court stated: "The Defendant's Motion is not opposed." Upon determining that the fees were reasonable, the court stated: "The Court previously found the Defendant prevailed. Trial court's August 5, 2010 Decision at page 8. The Court therefore grants Defendant's Motion and awards Defendant $8,868.00 in attorney's fees and costs."

*EAC Properties II* at ¶ 2-9.

{¶ 5} In *EAC Properties II*, we reversed the trial court's March 20, 2012 decision and entry finding numerous inconsistencies in the trial court's orders which required clarification. We noted that the trial court stated in the March 20, 2012 decision and entry that Brightwell's motion for attorney's fees was unopposed, but the record demonstrated that EAC had filed a memorandum in opposition to Brightwell's motion on November 23, 2011. We also noted the inconsistency in the trial court's August 9, 2010 decision and entry overruling EAC's objections to the magistrate's decision, wherein the court stated that the award to EAC of roughly $550 was "by any definition a win," but then further stated that "[EAC] did not prevail, and [was] not entitled to attorneys fees." (Aug. 9, 2010, Decision and Entry, 8.)

{¶ 6} Following remand, the trial court again granted Brightwell's motion for attorney's fees. The court noted that it had specifically considered EAC's memorandum in opposition, and clarified that the August 9, 2010 decision and entry contained "the mistaken misnomer referring to 'win.' " (August 7, 2013, Decision and Entry, 1.) The court concluded that Brightwell had prevailed in this action, as Brightwell had prevailed on its defense of waiver. Accordingly, the court held that Brightwell "prevailed on its defense regarding * * * [EAC's] primary claim which was for back rent, and is entitled to

an award of attorney's fees pursuant to the Lease." (August 7, 2013, Decision and Entry, 2.)

## II. BRIGHTWELL WAS THE PREVAILING PARTY

{¶ 7}   EAC asserts that, for purposes of the fee-shifting provision in the lease agreement, Brightwell was not a prevailing party in this action. EAC bases its argument on the fact that Brightwell was ordered to pay EAC $556.67 in unpaid utilities expenses. EAC thus asserts that, as it received a monetary judgment in its favor, there can be no argument that Brightwell prevailed in this action. For the reasons that follow, we disagree.

{¶ 8}   Ohio courts follow the so-called "American rule," which requires that each party involved in litigation pay his or her own attorney fees. *McConnell v. Hunt Sports Ent.*, 132 Ohio App.3d 657, 699 (10th Dist.1999), citing *Sorin v. Bd. of Edn. of Warrensville Hts. School Dist.*, 46 Ohio St.2d 177, 179 (1976). There are three well-recognized exceptions to this rule: (1) where statutory provisions specifically provide that a prevailing party may recover attorney fees, (2) where there has been a finding of bad faith, and (3) where the contract between the parties provides for fee shifting. *Id.,* citing *Pegan v. Crawmer,* 79 Ohio St.3d 155, 156 (1997). Fee-shifting contractual provisions are generally enforceable " 'so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case.' " *Southeast Land Dev., Ltd. v. Primrose Mgt., L.L.C.,* 193 Ohio App.3d 465, 2011-Ohio-2341, ¶ 15 (3d Dist.), quoting *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 8.

{¶ 9}   "When an award of attorney fees is not authorized by statute or by contract, the award is a matter of the trial court's sound discretion." *Keal v. Day*, 164 Ohio App.3d 21, 2005-Ohio-5551, ¶ 7 (1st Dist.). The interpretation of a written contract, however, is a question of law. *Id.*, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. Accordingly, here, the trial court's interpretation of the fee-shifting provision in the lease agreement is subject to de novo review. *See Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576 (1998), citing *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). Absent ambiguity in the

language of the contract, the parties' intent must be determined from the plain language of the document. *See Hybud Equip. Co. v. Sphere Drake*, 64 Ohio St.3d 657, 665 (1992).

{¶ 10} In this case, the addendum to the parties' lease agreement, signed by the parties on August 14, 2003, provides that "[i]f either party is required to commence any action at law or equity against the other party to enforce any provision of this Lease, the prevailing party shall be entitled to the reasonably attorneys' fees and costs in connection with such action." (Lease Agreement, Addendum.) The lease thus allowed for the shifting of attorney's fees. Accordingly, the sole issue in this appeal is whether Brightwell was the prevailing party in the underlying action.

{¶ 11} "Black's Law Dictionary (9th ed.2009) defines 'prevailing party' as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' " *Hikmet v. Turkoglu*, 10th Dist. No. 08AP-1021, 2009-Ohio-6477, ¶ 73, quoting Black's Law Dictionary (9th Ed.2009). "A 'prevailing party' is generally the party ' "in whose favor the decision or verdict is rendered and judgment entered." ' " *Id.* at ¶ 74, quoting *Hagemeyer v. Sadowski*, 86 Ohio App.3d 563, 566 (6th Dist.1993), quoting *Yetzer v. Henderson*, 5th Dist. No. CA-1967 (June 4, 1981). In *Hikmet*, this court further defined "prevailing party" as:

> The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. * * * To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who had made a claim against the other, has successfully maintained it.

*Id.* at ¶ 75, citing *Moga v. Crawford,* 9th Dist. No. 23965, 2008-Ohio-2155, ¶ 6.

{¶ 12} EAC acknowledges that it did not "prevail to the extent of its original contention," but asserts that, as a monetary judgment of $556.67 was entered in its favor, Brightwell cannot be considered a prevailing party in this action. (Appellant's brief, 10.) EAC's argument ignores the fact that Brightwell prevailed on the main issue in the case, which was over $30,000 EAC claimed it was due in back rent. Brightwell asserted that EAC had waived its right to those rental payments, and Brightwell

prevailed on that affirmative defense. In overruling EAC's objections to the magistrate's decision, the trial court acknowledged that Brightwell had prevailed, noting that the "main issue here [was] waiver. The Court agrees [EAC] waived the lease provisions related [to] rent." (Aug. 9, 2010, Decision and Entry, 8.) Accordingly, as Brightwell prevailed on the main issue in the action, the court properly concluded that Brightwell was the prevailing party for purposes of the fee-shifting provision in the lease.

{¶ 13} The fact that EAC received a monetary award for the outstanding utilities does not alter our conclusion. EAC brought suit against Brightwell alleging that Brightwell owed EAC over $30,000 in back rent; EAC failed to successfully maintain that action. Although EAC brought suit requesting over $5,000 for back utilities, maintenance, and insurance payments, and the court determined that EAC was entitled to $3,703.97 in utility fees, the utilities award does not alter the fact that Brightwell was the prevailing party on the main issue in the action. *Compare Landefeld v. State Med. Bd. of Ohio*, 10th Dist. No. 99AP-612 (June 15, 2000), quoting Civ.R. 54(D) (concluding that the appellant-doctor was not a prevailing party for purposes of Civ.R. 54(D), which provides that " 'costs shall be allowed to the prevailing party unless the court otherwise directs,' " where, although "some of the charges were found by the trial court to be unsupported by the evidence, the ultimate outcome in the underlying action was revocation of appellant's license," and the appellant thus "did not prevail on the main issue of his appeal"); *Kleemann v. Carriage Trace, Inc.*, 2d Dist. No. 21873, 2007-Ohio-4209, ¶ 101; *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555 (1992) (noting that "[a] party who goes into such a trial with an [arbitration] award of $10,000 and emerges with $5,000 can hardly be said to have prevailed" for purposes of Civ.R. 54(D)).

{¶ 14} Based on the foregoing, EAC's sole assignment of error is overruled.

## III. DISPOSITION

{¶ 15} Having overruled EAC's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____